BOWERS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.  October 6, 1906.)

No. 2,337.

POST OFFICE—STEALING LETTER FROM POST OFFICE—INDICTMENT.

The provision of Rev. St. § 5469 [U. S. Comp. St. 1901, p. 3692], which makes it a criminal offense to steal from a post office any letter, is designed to preserve the sanctity of the mails, and not merely to punish the theft of another's property, and an indictment thereunder is not governed by the rules applicable to one for larceny, but is sufficient if it charges that the defendant unlawfully stole from a designated post office a letter, described sufficiently for its identification, and it is unnecessary to aver that it contained anything of value, or whose property it was, or that it was in the post office for transmission through the mails.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, §§ 75–77.]

In Error to the District Court of the United States for the Western District of Arkansas.

Writ of error to review a judgment upon conviction of a postal offense under section 5469, Rev. St. [U. S. Comp. St. 1901, p. 3692].

Robert J. White and Charles E. Warner, for plaintiff in error.
James K. Barnes, U. S. Atty., for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge.  The only question presented is whether the indictment charges an offense against the laws of the United States. The charge is:

"That the said Charles D. Bowers, on the fourteenth day of November, in the year 1903, in the said division of a said district, and within the jurisdiction of said court, did unlawfully and feloniously, steal and take a certain letter, directed to Sears, Roebuck & Co. at Chicago, Ill., from the post office of the said United States at Paris, Arks., which said letter then and there contained an article of value, to wit, a United States postal money order of the value of thirty-one dollars and forty cents, contrary," etc.

Section 5469, Rev. St. [U. S. Comp. St. 1901, p. 3692], under which the indictment was found, is somewhat complicated and involved, but the following may fairly be extracted from it as defining a distinct and complete offense:

"Any person who shall steal the mail or steal or take from or out of any mail or post office, branch post office or other authorized depository for mail matter, any letter or packet  *  *  *  shall, although not employed in the postal service, be punishable by imprisonment at hard labor for not less than one year and not more than five years."

Counsel seek to have the indictment measured by the strict rules that obtain in some jurisdictions in cases of larceny, and contend that it is insufficient because it does not charge that the letter was the property of some one other than the accused, and that, while the value of the inclosed postal money order is given, there is no statement of the amount for which it was drawn, of the person who procured it, or of the

person to whom it was payable. It is also said that the description of the letter is not sufficient, and that there is no charge that it was in the post office for transmission through the mails.

This is not the ordinary case of larceny, and it is not governed by the same rules. The statute creating and defining the offense of which Bowers was charged and convicted was designed to preserve the sanctity of the mails, not merely to punish the theft of another's property. United States v. Falkenhainer (C. C.) 21 Fed. 624; United States v. Trosper (D. C.) 127 Fed. 476. It will be observed that the indictment follows the language of the statute quite closely. It is made an offense "to steal from the post office any letter." The indictment charges that Bowers unlawfully and feloniously stole from a designated post office a letter of a specified description. This is sufficient, without further averment that the letter was in the post office for transmission through the mails. The letter was not addressed to Bowers, and it was not necessary to aver expressly that it belonged to some one else. The value of the letter and its contents is wholly immaterial. Indeed, it matters not under the clause of the section quoted if the letter contained nothing whatever of value. The averment in the indictment that it contained a postal money order worth a certain sum of money should be taken not as of a substantive element of the statutory offense, but as descriptive of the letter, and this, in connection with the address of the letter and the place where it was charged to have been stolen, was sufficient to apprise the accused of what he had to encounter at the trial, to enable him to prepare his defense and also reasonably sufficient for his protection in case of another prosecution for the same offense, though as to the latter oral evidence would be admissible if necessary for the purpose of further identification.

The judgment is affirmed.