MORRIS v. UNITED STATES.

CRAIG v. SAME.

(Circuit Court of Appeals, Eighth Circuit. January 18, 1916.)

Nos. 4379, 4380.

1. BURGLARY ⚖️2—COMMERCE ⚖️5, 8—INTERSTATE COMMERCE—CRIMINAL OFFENSES—STATUTORY PROVISIONS.

Act Cong. Feb. 13, 1913, c. 50, 37 Stat. 670 (Comp. St. 1913, §§ 8603, 8604), prescribing the punishment for unlawfully breaking the seal of any railroad car containing interstate shipments or entering any such car, with intent to commit larceny, or stealing from any such car any goods which are a part of or constitute an interstate shipment, is constitutional, since, though the police power is reserved to the states, Congress, as to those powers expressly granted to it, possesses a power analogous to that of the police power, and it is immaterial that the breaking into a railroad car for the purpose of committing larceny therein, and the larceny itself, may also be punished under the laws of the state.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 1–3; Dec. Dig. ⚖️2; Commerce, Cent. Dig. §§ 3, 5; Dec. Dig. ⚖️5, 8.]

2. BURGLARY ⚖️18—INDICTMENT—SUFFICIENCY.

Where an indictment for entering a railroad car containing an interstate shipment for the purpose of committing larceny followed the language of the statute, specifically described the car broken into, alleged that it was the property of a named railroad company, and contained an interstate shipment from the state of Massachusetts to the state of California, and gave the names of the consignor and consignee, and alleged that the breaking was with intent to commit larceny, it was sufficient.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 31, 32, 36; Dec. Dig. ⚖️18.]

---

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. LARCENY ☜28(1)—INDICTMENT—SUFFICIENCY.

Where an indictment charging defendants with stealing goods constituting part of an interstate shipment from a railroad car followed the language of the statute, charged that the shipment was an interstate one, described the property stolen, and described the larceny with all the particularity required by the common law, and charged all the facts necessary to enable defendants to prepare for their defense and to plead former jeopardy in case they were again indicted for the same offense after an acquittal or conviction on such indictment, it was sufficient.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 58, 99, 100; Dec. Dig. ☜28(1).]

4. BURGLARY ☜22—INDICTMENT—ALLEGATIONS AS TO INCORPORATION.

Under Rev. St. § 1025 (Comp. St. 1913, § 1691), providing that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form, which shall not tend to the prejudice of the defendant, an indictment for entering a railroad car containing an interstate shipment with intent to commit larceny and for stealing goods therefrom was not insufficient because it failed to allege that the railway company owning the car was incorporated; it not being apparent how this could have any tendency to prejudice defendant.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 55–61, 66; Dec. Dig. ☜22.]

5. CRIMINAL LAW ☜878(2)—CONVICTION FOR DIFFERENT OFFENSES UNDER SAME INDICTMENT.

Where an indictment in one count charged defendants with entering a railroad car containing an interstate shipment, with intent to commit larceny therein, and in another count with stealing goods from such car, they could be convicted on both counts, especially where the sentences on both counts were the same and concurrent.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2099; Dec. Dig. ☜878(2).]

6. BURGLARY ☜31—TRIAL—ADMISSIBILITY OF EVIDENCE.

On the trial of railway employés for breaking into a car containing an interstate shipment and stealing shoes therefrom, the rear brakeman, who was not on trial, was asked what opinion he gave as to where the shoes were at a certain time, and was permitted to answer over objection. Two of the shoes stolen were for the same foot, and were sold by the witness to his brother, and the question was asked for the purpose of identifying them. He answered that he asked his brother where the shoes were, that his brother said he had sent them home by his boy, and that the witness told him that he was thinking of getting the shoes and giving them back to one of the defendants, as he was afraid there was going to be trouble over them. *Held*, that while the question, standing alone, seemed to be irrelevant, it was properly admitted when taken in connection with the other evidence.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 83, 86, 88; Dec. Dig. ☜31.]

7. CRIMINAL LAW ☜564—EVIDENCE—VENUE—SUFFICIENCY.

On the trial of railway employés for entering a car containing interstate shipments and stealing shoes therefrom, it appeared that, when the train had proceeded at least 14 miles in the Western district of Oklahoma, one of the defendants appeared with the shoes. *Held* that, even though the evidence was insufficient to establish beyond a reasonable doubt that the car was broken into in that district, it sustained a verdict of guilty on the count charging larceny, as that offense is a continuous offense, and, though committed in one district, may be tried in another district into which the stolen property is brought with intent to feloniously convert it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 726, 1277–1284; Dec. Dig. ☜564.]

8. CRIMINAL LAW ⚖1177—HARMLESS ERROR—INSUFFICIENCY OF EVIDENCE TO
SUPPORT CONVICTION ON ONE COUNT.

Where defendants were convicted of entering a railroad car with intent
to commit larceny, and of stealing goods therefrom, but the punishment
imposed on both counts was the same and ran concurrently, they were not
prejudiced, even though there was no evidence to warrant the verdict of
guilty on one count; the evidence clearly warranting a conviction on the
other.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3183–3189;
Dec. Dig. ⚖1177.]

9. BURGLARY ⚖42—SUFFICIENCY OF EVIDENCE—POSSESSION OF RECENTLY
STOLEN PROPERTY. .

Possession of property recently stolen, if unexplained, in connection
with other evidence showing the presence of the defendant at the time
and place where a theft was committed, justifies a finding of guilty.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 80, 104–107;
Dec. Dig. ⚖42.]

10. CRIMINAL LAW ⚖829—INSTRUCTIONS—GOOD CHARACTER OR REPUTATION.

On a criminal trial, defendants requested an instruction that the good
character of a defendant among his neighbors in the community in which
he resided was of value, especially in doubtful cases, and that, if the jury
believed from the evidence that one of the defendants bore a good char-
acter or reputation in the community in which he resided, they might con-
sider such character in connection with all the other evidence, and that,
if the evidence in regard to his character raised a reasonable doubt as to
his guilt, they would find defendant not guilty. The court refused this in-
struction,, but charged that testimony had been introduced for the pur-
pose of showing defendants' good reputation in the community in which
they lived, that this testimony was competent for the jury's considera-
tion, that in the light of it they should view all the evidence in determin-
ing defendant's guilt or innocence, and whether they were convinced of
defendant's guilt beyond a reasonable doubt, or entertained such a rea-
sonable doubt of their guilt, but that if, after considering all the evidence,
including that which had been introduced on the subject of reputation,
they were satisfied beyond a reasonable doubt that defendants were
guilty, it would be their duty to convict them, notwithstanding the evi-
dence on the subject of reputation. *Held*, that the refusal of the request-
ed instruction was not error, as the instruction given covered this phase
of the case even more favorably to defendants than was asked by their
instruction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec.
Dig. ⚖829.]

In Error to the District Court of the United States for the West-
ern District of Oklahoma.

W. H. Morris and C. H. Craig were convicted of offenses, and
they bring error. Affirmed.

Defendants requested the following instruction:

"You are further instructed that the good character of the defendant among
his neighbors in the community in which he resides is of value, especially in
doubtful cases, and if you believe from the evidence in this case that the
defendant W. H. Morris bears a good character or reputation in the com-
munity in which he resides, you may consider such character in connection
with all the other evidence in this case, and if the evidence in regard to his
character raises a reasonable doubt in your minds as to the guilt of the de-
fendant, then you will find the defendant not guilty."

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

S. B. Amidon and Jean Madalene, both of Wichita, Kan., for plaintiffs in error.

Isaac D. Taylor, of Guthrie, Okl. (John A. Fain, of Lawton, Okl., on the brief), for the United States.

Before ADAMS and CARLAND, Circuit Judges, and TRIEBER District Judge.

TRIEBER, District Judge. The defendants were indicted, charged with violations of the act of Congress of February 13, 1913 (37 Stat. 670). There were three counts in the indictment; but, as the defendants were only convicted on the first and second counts, the third need not be considered.

The first count charges the defendants with entering a car, in the Western district of Oklahoma, belonging to the Atchison, Topeka & Santa Fé Railway Company (giving a description of the numbers and letters on the car), containing a shipment of shoes consigned by the W. L. Douglas Shoe Company at Brockton, Mass., to the Boot & Shoe Hospital, at Los Angeles, Cal., while en route between these two points, with the intent to commit larceny therein, the shipment being an interstate shipment. The second count charges the crime of larceny from the same car.

[1] The sufficiency of the indictment is attacked upon several grounds. It is claimed that the act is unconstitutional, as Congress possesses no police power; that being reserved to the states. While it is true that the states reserved the police power to themselves, it is now equally well settled that as to those powers, which are expressly granted to Congress by the national Constitution, it possesses a power analogous to that of the police power. In re Debs, 158 U. S. 564, 15 Sup. Ct. 900, 39 L. Ed. 1092; Camfield v. United States, 167 U. S. 518, 17 Sup. Ct. 864, 42 L. Ed. 260; Hoke v. United States, 227 U. S. 308–323, 33 Sup. Ct. 281, 57 L. Ed. 523, 43 L. R. A. (N. S.) 906, Ann. Cas. 1913E, 905; United States v. Shauver (D. C.) 214 Fed. 154. In Hoke v. United States, Mr. Justice McKenna, delivering the unanimous opinion of the court, after reviewing the former decisions of the court, said:

"The principle established by the cases is a simple one, when rid of confusing and distracting considerations, that Congress has power over transportation 'among the several states,' that the power is complete in itself, and that Congress, as an incident to it, may adopt, not only means necessary, but convenient, to its exercise, and the means may have the quality of police regulations."

By the commerce clause Congress has the power to regulate all interstate commerce, and consequently to protect it from destruction or depreciation, the same power which it possesses under that clause of the Constitution which grants it the power to establish the Post Office Department. Nor does it matter that the same offense, breaking into a railroad car, for the purpose of committing larceny therein, and the larceny itself, may be punished under the laws of the state where the offense is committed, as it is now well settled that certain acts may

be in violation of both state and national Penal Codes, and may be prosecuted in either of these courts. Houston v. Moore, 5 Wheat. 1, 5 L. Ed. 19; Fox v. Ohio, 5 How. 410, 12 L. Ed. 213; United States v. Marigold, 9 How. 560, 13 L. Ed. 257; United States v. Arjona, 120 U. S. 479, 7 Sup. Ct. 628, 30 L. Ed. 728; Cross v. North Carolina, 132 U. S. 131, 10 Sup. Ct. 47, 33 L. Ed. 287. There is no reason for doubting the constitutionality of the act.

The sufficiency of the indictment is also attacked upon a number of grounds. It is claimed that neither of the counts is specific enough.

[2] In the first count the indictment follows the language of the statute, and describes specifically the car which was broken into, that it was the property of the Atchison, Topeka & Santa Fé Railway Company, that it contained an interstate shipment from the state of Massachusetts to the state of California, gives the name of the consignor in Massachusetts, and the consignee in California, and that the breaking into the car was with the intent to commit larceny therein.

[3] The second count also follows the language of the statute, charging that it was an interstate shipment, as charged in the first count, describes the property stolen, and, in fact, describes the larceny with all the particularity required by the common law. It charges all the facts necessary to enable the defendants to prepare for their defense, and to plead former jeopardy in case they are again indicted for these offenses, after an acquittal or conviction on this indictment. This is all that is necessary. Potter v. United States, 155 U. S. 438, 15 Sup. Ct. 144, 39 L. Ed. 214; Jolly v. United States, 107 U. S. 402, 18 Sup. Ct. 624, 42 L. Ed. 1085; Considine v. United States, 112 Fed. 342, 50 C. C. A. 272; Bowers v. United States, 148 Fed. 379, 78 C. C. A. 193; Thompson v. United States, 202 Fed. 401, 120 C. C. A. 575, 47 L. R. A. (N. S.) 206; Breese v. United States, 226 U. S. 1, 33 Sup. Ct. 1, 57 L. Ed. 97. The tendency of most of the courts at this day, and especially the Supreme Court of the United States, is to disregard technicalities, which can in no way be prejudicial.

[4] It is also claimed that the indictment is defective, as it fails to allege that the railway company, the owner of the car, was an incorporated company. In view of section 1025, Rev. Stat. (Comp. St. 1913, § 1691), this is unnecessary, as we are unable to see how that omission can have any tendency to the prejudice of the defendant. Caha v. United States, 152 U. S. 211–221, 14 Sup. Ct. 513, 38 L. Ed. 415; Frisbie v. United States, 157 U. S. 161–164–168, 15 Sup. Ct. 586, 39 L. Ed. 657; Connors v. United States, 158 U. S. 408–411, 15 Sup. Ct. 951, 39 L. Ed. 1033; New York Central Railroad Company v. United States, 212 U. S. 481–497, 29 Sup. Ct. 304, 53 L. Ed. 613; Clement v. United States, 149 Fed. 305, 79 C. C. A. 243, decided by this court, and in which certiorari was denied.

Under similar statutes of many states it has been held that it is unnecessary to charge in the indictment that the company, whose house was broken into, or whose property stolen, was an incorporated corporation. Burke v. State, 34 Ohio St. 79; People v. Rogers, 81 Cal. 209, 22 Pac. 592; Fisher v. State, 40 N. J. Law, 169; State v. Simas, 25 Nev. 432, 62 Pac. 242.

[5] It is next claimed that there can be no conviction on both counts. But this has been adversely decided in Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153. Besides, the sentences on both counts are the same and concurrent.

[6] The next assignment of error complains of the admission of some of the testimony of H. S. Brookhauser, who was jointly indicted with the defendants in error, and who was called as a witness for the government. The question objected to was:

"What opinion, if any, did you give as to where the shoes were at the time?"

Standing alone, it would seem to be wholly irrelevant; but, when taken in connection with the other evidence, it was properly admitted by the court. This witness was the rear brakeman of the freight train; the defendants being other employés on that train. It appeared that two of the shoes stolen were for the same foot, and the mates were found when the box was opened by the consignee, upon its arrival in California. These were the two shoes which were sold by this witness to his brother, and the object of the question was for the purpose of identifying them. His answer was:

"I asked my brother where these shoes were. He said he had sent them home by his boy, who was call boy there. I told him that I was thinking of getting the shoes and giving them back to Mr. Morris, as I was afraid there was going to be trouble over them."

The court committed no error in permitting the witness to answer the question.

It is next claimed that the evidence was not sufficient to justify the submission of the case to the jury. It will serve no useful purpose to review the very voluminous evidence in this case. A large number of witnesses were examined by the government, for the purpose of tracing the shoes from the time they were packed and shipped from Brockton, Mass., until they arrived and were delivered to the consignee in Los Angeles, Cal. We have carefully read all the evidence in this case, and we entertain no doubt but that the evidence was sufficient to justify the submission of the case to the jury, and the verdict of guilty rendered by the jury.

[7] The learned counsel for the defendants strenuously insist that there was not sufficient evidence to warrant the finding that the crime, if committed by the defendants, was committed in the Western district of Oklahoma. The evidence shows that after the train had left the town of Kiowa, in the state of Kansas, which is about one mile north of the Oklahoma line, two men, whom he did not recognize then, as he was too far from them, were sitting at the head end of the train, and that some time after that the defendant Morris appeared with the shoes. When Morris appeared with the shoes, the train had proceeded at least 14 miles in the Western district of Oklahoma. Even if it be conceded that the evidence was not sufficient to establish, beyond a reasonable doubt, the breaking into the car in the Western district of Oklahoma, it certainly was sufficient to justify the verdict of guilty on the second count, that of larceny, for that offense is a continuous offense, and although committed in one district, if the stolen

property is brought into another district, with the intent there to feloniously convert the stolen property, the guilty party may be tried in either district. Perara v. United States, 221 Fed. 213, 136 C. C. A. 623, decided by this court.

[8] As before stated, as the punishment imposed on both counts is the same and runs concurrently, it can work no prejudice to the defendants, even if there was no evidence to warrant the verdict of guilty on the first count; the evidence clearly warranting a conviction on the second count.

[9] There was no error in the charge to the jury. It was as favorable as the law permits. Possession of property recently stolen, if unexplained, in connection with other evidence, showing the presence of the defendant at the time and place where the theft was committed, justifies a finding of guilty. United States v. Jones (C. C.) 31 Fed. 718; Wiley v. State, 92 Ark. 586, 124 S. W. 249.

[10] Nor was it error to refuse to give the instructions asked on behalf of the defendants as to the effect of their good reputation in the community in which they had lived, as the court covered this phase of the case even more favorably to the defendants than was asked by their instruction. The court charged the jury on that point:

"Testimony has been introduced here for the purpose of showing the good reputation of the defendants in the community in which they have lived. That testimony is competent for your consideration. In the light of it you should view all the evidence in the case in determining the guilt or innocence of the defendants, and whether you are convinced of the defendant's guilt beyond a reasonable doubt, or entertain such a reasonable doubt of their guilt. But you are instructed, if after you have considered all the evidence, including that which has been introduced here upon the subject of their reputation, you are satisfied beyond a reasonable doubt that the defendants are guilty, then it will be your duty to convict them, notwithstanding the evidence upon the subject of their reputation."

Edgington v. United States, 164 U. S. 361,[1] which counsel for these defendants rely on, does not sustain their contention. In that case the trial court had charged that such evidence "is of value only if the jury is in doubt as to whether the defendant is really guilty," which was held to be error, for, as stated by Judge Caldwell, in delivering the opinion of this court in Rowe v. United States, 97 Fed. 779, 38 C. C. A. 496, where the charge was similar to that condemned in Edgington v. United States:

"If the jury are not convinced of the guilt of the defendant beyond a reasonable doubt, then it is their duty to render a verdict of not guilty, without any evidence as to his good character."

Other alleged errors have been urged, and they have been carefully considered by us, but we have found none which were prejudicial to the defendants.

The judgment is affirmed.

[1] 17 Sup. Ct. 72, 41 L. Ed. 467.