## VANE v. UNITED STATES.*

(Circuit Court of Appeals, Ninth Circuit. December 2, 1918.)

No. 3170.

1. CONSPIRACY ⬅43(6)—CRIMINAL CONSPIRACY—INDICTMENT.
    An indictment for conspiracy by force and violence to rob a person named of certain mail matter, constituting a part of the United States mails under control of the post office establishment, and in the lawful custody of such person, considered, and *held* sufficiently specific.

2. INDICTMENT AND INFORMATION ⬅86(3)—CRIMINAL CONSPIRACY—PLACE.
    In an indictment for conspiracy to commit an offense against the United States, where the conspiracy is alleged to have been formed within the district of indictment, it is not necessary to set forth the place of performance of the object of the conspiracy.

3. CRIMINAL LAW ⬅619—TRIAL—CONSOLIDATION OF INDICTMENTS.
    The consolidation for trial of an indictment for conspiracy to commit a crime against the United States and one against the same defendants for commission of such crime *held* proper, under Rev. St. § 1024 (Comp. St. 1916, § 1690).

4. CRIMINAL LAW ⬅1169(7)—HARMLESS ERROR—EVIDENCE.
    The admission in evidence in a trial for conspiracy of affidavits made by certain of the defendants, which were competent evidence against them, *held* not prejudicial to the rights of a codefendant tried jointly with them; the evidence not being admitted as against him.

5. CRIMINAL LAW ⬅95—JURISDICTION OF FEDERAL COURT—DEFENDANT ON BAIL FROM STATE COURT.
    That a defendant, when indicted, tried, and convicted in a federal court, was under sentence for crime by a state court, and at large on bail pending an appeal, nothing further appearing from the record, did not deprive the federal court of jurisdiction.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against William Vane and others. From a judgment of conviction, defendant Vane brings error. Affirmed.

See, also, 254 Fed. 32.

R. L. Edmiston, of Spokane, Wash., R. E. McFarland, of Cœur d'Alene, Idaho, and O. J. Bandolin, of Sandpoint, Idaho, for plaintiff in error.

J. L. McClear, U. S. Atty., and J. R. Smead, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This is a writ of error to review the conviction of Vane, plaintiff in error, upon an indictment for a violation of section 37 of the Penal Code (Act March 4, 1909, c. 321, 35 Stat.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied February 10, 1919.

1096 [Comp. St. 1916, § 10201]), in conspiring to commit an offense against the United States.

The indictment charged that Vane and certain others, on or about September 6, 1914, in Bonner county, Idaho, and within the jurisdiction of the United States District Court for the District of Idaho, did willfully, unlawfully, and feloniously conspire, combine, and agree by force and violence to—

"rob one Hugo De Witz of certain mail matter which mail matter constituted a part of the United States mails under the control of the post office establishment of the United States, and in the lawful charge and custody of him, the said Hugo De Witz, and which said robbery of the aforesaid mail matter was then and there agreed among them, the said William Vane and Joe Bossio, * * * to be effected by force and violence, and by placing the life of him, the said Hugo De Witz, in jeopardy by the use of certain dangerous weapons, to wit, certain pistols and certain rifles loaded with gunpowder and leaden bullets, with which said dangerous weapons it was then and there agreed by the said William Vane and Joe Bossio * * * to threaten him, the said Hugo De Witz, and to put his life in peril and thereby to take, steal, and carry away from the possession of said Hugo De Witz, and against his will, the aforesaid mail matter."

It is charged that in pursuance of the conspiracy the defendants did "by force and violence" rob the said Hugo De Witz of the said mail matter, and "did threaten him, the said Hugo De Witz, and put his life in peril." There was no demurrer to the indictment, no motion in arrest of judgment, and there is no bill of exceptions in the record. The scope of our examination is therefore limited.

[1] Plaintiff in error contends, however, that the indictment does not state facts constituting an offense against the laws of the United States: (1) In that there is no status of De Witz stated in the indictment; (2) that there is a failure to set forth the character, identity, and destination of the mail matter; (3) that there is no allegation that Vane knew the certain mail matter, alleged to have been the object of the alleged conspiracy to rob, constituted a part of the United States mails; (4) that there is no allegation of knowledge or intent as to the object of the conspiracy; and (5) that there is no place of performance of purpose set forth.

In our opinion it was not necessary to set forth with technical accuracy the relationship of De Witz to the mail. The allegation that the conspiracy was by force and violence to rob him of certain mail, which constituted part of the United States mails under the control of the post office establishment and in his lawful custody, was sufficient to inform him fairly what he had to meet. It would not be a reasonable understanding of words to gather any meaning from the language referred to other than that the mail was part of the United States mail under the control of the postal authorities and by law in the custody of De Witz. The indictment being for conspiracy to commit an offense, it is to be kept in mind that the gist of the crime is the conspiracy, and therefore, as was held by the Supreme Court in Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278, a "certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."

Nor was it requisite that the indictment should specify the nature of the mail matter or its destination. In a combination to take forcibly a quantity of mail in the keeping of a mail custodian, by holding a loaded gun at his head and threatening to kill him, it would seem very probable that those engaged in the conspiracy would not have in mind taking any specific piece of mail. They could not well know what there was in the mail sacks; they are taking the chance that they will find mail matter containing money or other valuable things. It might be that the intention in this case was to take only such letters as had money in them; but, if the agreement or conspiracy was by violence to steal the mail in the custody of the person named by putting his life in jeopardy, it is immaterial whether the mail matter was in letters, boxes, packages, or other form, and to whom and to what place it might be addressed.

The contention that it was necessary to allege that the defendants knew that the mail was part of the United States mail is not sound, because such knowledge was not an essential element of the particular offense charged. The most material averment was that defendants willfully, unlawfully, and feloniously conspired violently to rob the person in custody of the mail, by stealing and taking the same from his person. In substance, however, persons charged with having willfully and feloniously combined to carry out such an act as the object of the combination are sufficiently charged with knowledge that the conspiracy, the gist of the crime, is to rob as set forth, and are charged with guilty intent in the general purpose of the combination. Felton v. United States, 96 U. S. 699, 24 L. Ed. 875; Burton v. United States, 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Dunbar v. United States, 156 U. S. 195, 15 Sup. Ct. 325, 39 L. Ed. 390; Tapack v. United States, 220 Fed. 445, 137 C. C. A. 39; Bowers v. United States, 148 Fed. 379, 78 C. C. A. 193.

[2] Lastly, the point that there is no allegation of the place of performance of the purpose of the conspiracy must also fail, for the reason that, if the criminal agreement was formed about the time and within the jurisdiction as alleged, and had for its object the robbing of the mails in the custody of De Witz, it was not at all necessary to set out or prove the place where the robbery was to be executed. It might be that a conspiracy would be formed in a jurisdiction of one of our courts, with the definite purpose of being executed in a foreign land, yet the conspirators could be indicted and tried in the jurisdiction where the unlawful combination was formed.

[3] It is said that there was an improper joinder of defendants and consolidation of charges. It appears that the defendants jointly indicted in this, the conspiracy case, were also jointly indicted for robbery committed about September 8, 1914, against Hugo De Witz, in custody of mail matter of the United States (section 197, Penal Laws of the United States [Comp. St. 1916, § 10367]), and that the court, under the authority of section 1024, Revised Statutes (Comp. St. 1916, § 1690), ordered the two indictments consolidated. We find no error in this course. Furthermore, as defendant went to trial without objection to the order of consolidation, he is in no position now to

complain of the order. Logan v. United States, 144 U. S. 263, 12 Sup. Ct. 617, 36 L. Ed. 429.

[4] It is said that error was committed because upon the trial the court admitted in evidence the affidavits of two of the other defendants, wherein they stated that they, together with Vane and others, planned the robbery of the mail stagecoach, and that in pursuance of such plan and under the directions of Vane the robbery was carried out. There is no contention that these affidavits were offered or admitted in evidence against this plaintiff in error, and inasmuch as they were apparently competent and relevant to the case against the defendants jointly tried, who had made the affidavits, it cannot be held that the admission of the evidence was prejudicial to the rights of the plaintiff in error.

[5] It is argued that the United States District Court in Idaho was without jurisdiction over Vane, because the record herein shows that at the time of the indictment, June 2, 1917, and of the verdict, November 23, 1917, and judgment thereon, November 24, 1917, Vane had been previously convicted of perjury in the superior court of the state of Washington in the county of Pend Oreille, and was under sentence to the penitentiary in that state. The judgment of conviction in the state court is dated April 30, 1917; but it also appears that after conviction in the state court Vane gave notice of appeal to the Supreme Court of the state, and an appeal bond under which he was permitted to go at large until the Supreme Court should render its judgment upon the appeal, and there is no showing of any action by the Supreme Court of the state. While the record fails to show that this matter was ever brought to the attention of the District Court, or that any ruling thereon was had, we are clearly of the opinion that it cannot be held that upon the face of the record the defendant could not be proceeded against in the federal courts in Idaho. It might be that a charge of robbery was filed before a United States commissioner in Idaho, and that defendant was arrested thereunder in Washington, and voluntarily consented to removal from Washington to Idaho; that he gave bond for his appearance before the federal tribunals in Idaho, and was in Idaho awaiting action by the United States grand jury upon the charge against him, and that after indictment by the United States grand jury he voluntarily appeared, pleaded not guilty, and made no objection to jurisdiction because of the conviction in the state court, proceeded with trial, never presented to the federal court any record of conviction in the state court in Washington, or made any question of the power of the court to try him, and was convicted. Under such a state of facts, surely the federal court would have jurisdiction over his person. Courts will wisely recognize that, where one is answerable to two different jurisdictions for offenses against the laws of each, the one will yield to the other for the time being; but the necessity for such a practice is a matter of comity, and not a rule of law, to be applied to a case with such a meager record as we have before us.

We have carefully considered all the points made in the argument and brief of plaintiff in error, and our judgment is that the record fails to show that any substantial rights have been denied him.

The judgment is affirmed.