## FLECK et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 4, 1920.)

No. 5361.

1. **Larceny ☞34—Averment of nonconsent of owner not necessary in indictment.**

An indictment charging that defendant "did knowingly, willfully, and feloniously take, steal, and carry away" certain property sufficiently charges that the taking was without the consent of the owner.

2. **Larceny ☞30(1)—Property sufficiently described in indictment.**

An indictment charging that defendants stole a stated quantity of whisky from a particular car at a specified time, and place, and giving name of shipper and of bailee carrier and the place of shipment, *held* to sufficiently describe the property.

3. **Larceny ☞33—Indictment sufficient in allegation of custody of property.**

That an indictment for larceny alleged that the property was in possession of a named corporation as bailee and common carrier, when in fact the property of such corporation was being operated by the Director General of Railroads, *held* not a substantial defect, nor prejudicial to defendants.

In Error to the District Court of the United States for the Eastern District of Missouri; Jacob Trieber, Judge.

Criminal prosecution by the United States against Joseph Fleck and others. Judgment of conviction, and defendants bring error. Affirmed.

James E. Carroll and Arthur V. Lashly, both of St. Louis, Mo., for plaintiffs in error.

W. L. Hensley, U. S. Atty., and Eustace C. Wheeler, Asst. U. S. Atty., both of St. Louis, Mo.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

STONE, Circuit Judge. Error from conviction for violation of the Act of February 13, 1913 (37 Stat. 670, U. S. Compiled Statutes 1916, § 8603), by stealing and by having in possession with guilty knowledge 49 cases of whisky taken from an interstate shipment.

[1] The sole questions here raised have to do with the sufficiency of the indictment. The indictment is challenged upon three grounds: That no offense against the United States is charged; that the charge is fatally uncertain; and that the charge contains no adequate averment as to the ownership of the stolen property. The basis of the first challenge to the indictment is that it fails to allege that the property was taken without the consent of the owner and of the bailee having it in possession. The indictment charged that defendants "did knowingly, willfully, and feloniously take, steal, and carry away" the property. It is impossible to give these words intelligible meaning apart from the idea that the act was done without and against the consent of the owner, or the bailee, or of both. This is the only meaning that either a legal or lay mind could extract from such words. It

is obviously unnecessary to repeat in some other verbiage a conception already necessarily conveyed by what has been charged.

[2] The second challenge to the indictment has as its basis that the indictment failed to describe the stolen property with such certainty and particularity as to enable the jury to know that the property described was the same as that covered by the evidence. Counsel suggest that the indictment should have stated the size and kind of container, the alcoholic proof of the whisky, the name or brand, and the variety or kind, whether bourbon or rye. The indictment identified the amount of the article, that it was whisky, that it was taken from a particular car at a specified time, and gave the name of the shipper, of the bailee carrier from the possession of which it was taken, and the place of shipment. Any additional identification was properly a matter of evidence rather than of pleading. See Morris v. U. S., 229 Fed. 516, 520, 143 C. C. A. 584, decided by this court. If defendants were not satisfied with the allegations as they stood, a bill for particulars could have been pressed upon the attention of the trial court. As defendants were satisfied to go to trial without such detailed information, they cannot now be heard to complain. The further contention that the time and place of the theft are not definitely stated is hardly worthy of serious consideration, since it is answered by a mere reading of that portion of the indictment, which is:

"That on or about the 25th day of April, 1918, at the city of St. Louis, in the state of Missouri, and within the division and district aforesaid, and within the jurisdiction of the court aforesaid, Joseph Fleck, Robert Wetzel, Thomas Dodd, R. J. Murray, whose Christian name is to the grand jurors unknown, Charles Murphy, and John Vaughn did knowingly, willfully, and feloniously take, steal, and carry away from a railroad box car bearing the initials C. C. C. & St. L. and numbered 47400, which was standing in the railroad yards east of Broadway and near Brooklyn street, in said city, with the intent then and there to convert the same to their own use, certain goods and chattels moving as and constituting a part of an interstate shipment of freight, to wit, forty-nine cases of whisky, which had theretofore been shipped by Rock Springs Distilling Company, from Owensboro, in the state of Kentucky, and which was then and there moving to Main Liquor House, at Granger, in the state of Texas; the shipment aforesaid being then and there in the custody of the St. Louis Merchants' Bridge Terminal Railway Company, a corporation of Missouri, as bailee and common carrier."

[3] The remaining contention is that the indictment is fatally defective, as omitting to state the name of the owner of the whisky. The argument pressed does not meet the point as stated, but is that the bailee is charged to be the St. Louis Merchants' Bridge Terminal Railway Company, while the court must take judicial knowledge that all interstate carriers and shipments were then under control of William G. McAdoo, as Director General of Railroads. From this it is contended that the St. Louis Merchants' Bridge Terminal Railway Company, as such, could not have been the bailee or carrier in charge of the shipment. The allegation that the goods were taken from a railway car, and that they were moving and constituted a part of an interstate shipment of freight, which had been shipped by the consignor named, from Owensboro, Ky., to the consignee named at Gran-

ger, Tex., was, in legal effect a statement that the goods were in the possession of the Director General of Railroads as the bailee and carrier (Bloch v. United States, 261 Fed. 321, 323, — C. C. A. —), and this necessary legal conclusion from the facts stated is not overcome by the further statement that the goods were in the possession of the St. Louis Merchants' Bridge Terminal Company as bailee and common carrier. The defendants have suffered no prejudice, and it would be trifling with justice to permit a reversal of this case upon such a flimsy basis.

The judgments are affirmed.