Ex parte LAWRENCE et al.
and four similar cases.

(District Court, D. Montana. June 25, 1921.)

No. 327.

Internal revenue ⊗══2, 47—Provisions of internal revenue law not repealed by National Prohibition Act.

An indictment for having in possession and operating a still without registration or giving bond, in violation of Rev. St. §§ 3258, 3281 (Comp. St. §§ 5994, 6021), in the absence of language to that effect, will not be construed as charging that the still was being operated in making liquor for beverage purposes in violation of the National Prohibition Act, and with respect to operation not unlawful under that act it does not repeal said sections of the internal revenue law.

On petition by Charles Lawrence for writ of habeas corpus, heard with four other similar cases. Denied.

Wheeler & Baldwin, of Butte, Mont., for petitioner Lawrence.

A. W. Stangeland, Frank Lenz, and Geo. D. Toole, all of Butte, Mont., for petitioners in four like cases.

Geo. F. Shelton, of Butte, Mont., U. S. Atty., for respondent in Chas. Lawrence case.

John L. Slattery, U. S. Atty., and Ronald Higgins, Asst. U. S. Atty., both of Helena, Mont., for other respondents.

BOURQUIN, District Judge. The indictments upon which these applicants for habeas corpus were convicted and are imprisoned charge that they violated section 3258, R. S. (Comp. St. § 5994), in that they had in their possession stills set up and failed to register the same, section 3281, R. S. (Comp. St. § 6021), in that they carried on the business of distillers without having given bonds, and section 3282, R. S. (section 6022), in that they made mashes fit for the production of spirits on premises other than distilleries duly authorized, all of dates since the Volstead Act (41 Stat. 305).

The applications are based upon the contention that said sections of the revenue laws are repealed by said act, and in consequence the sentences are void and imprisonment illegal; and in support thereof the decision by the Supreme Court in the Yuginovich Case, 255 U. S. ——, 41 Sup. Ct. 551, 65 L. Ed. ——, of June 1, 1921, is cited. This decision has been anxiously awaited by courts hopelessly divided in respect to the extent that the Eighteenth Amendment and act repeal the old

revenue laws, and yet it little clarifies the problem. It determines that certain section of the old revenue laws, including two here involved, are partially repealed or superseded; but it is in view of circumstances that may or may not be present here and in any other case, dependent apparently upon the particular court's construction of the indictment before it and whether that construction is based on conjecture or surmise, or on the language in the indictment used. The indictment in the Yuginovich Case is like those here involved, in all material and essential averments. There, as here, the charge relates to and is limited to acts that are yet lawful, viz. distillation of intoxicating liquors, imputing criminality thereto only because done in unlawful circumstances, viz. without compliance with the old revenue laws.

The gist of the offenses charged are not the accuseds' acts of commission, but are their acts of omission. And why it is conjectured that the Yuginovich indictment intends to charge only acts of commission that are unlawful in any circumstances, viz. distillation of intoxicating liquor for beverage purposes, is also conjectured.

Neither that indictment nor any of these at bar contains a word or fair inference that the object of the offenses otherwise fully charged is to devote the liquor to beverage purposes. If any of them did, either it or much other matter therein would be superfluous matter to be ignored, and any such inference would violate the principles of criminal pleading. It hardly needs be pointed out that in respect to charges of making liquor for beverage purposes, all these indictments are fatally defective by reason of failure to expressly aver the essential element that the liquor was made for "beverage purposes." Otherwise, the Yuginovich indictment would have been sustained as a sufficient charge of violation of the Volstead Act, even though brought in view of the old revenue laws. See Williams v. U. S., 168 U. S. 389, 18 Sup. Ct. 92, 42 L. Ed. 509. For all that appears, Yuginovich and these applicants may have been proceeding in strict compliance with the Volstead Act.

If indictments are subject to the method of construction that the Supreme Court finds the trial court adopted in the Yuginovich Case, amongst other things it tends to the novel principle that an accused, fully charged of one offense, may escape on plea of his own wrong, viz. that he did what was charged, but with intent to commit and did commit another offense; for if it is a defense when averred or inferred in the indictment, it ought equally to be a defense to be proven by accused when not in the indictment. The rule is otherwise. Acts as here capable of being done lawfully may be done unlawfully for various reasons and objects, and in violation of several statutes; and it is no defense that the act charged to be unlawful for one reason and object, and against one statute, is also unlawful for other reasons and objects, and against other statutes. See Gavieres v. U. S., 220 U. S. 342, 31 Sup. Ct. 421, 55 L. Ed. 489.

It is true revenue and other regulations are not to sanction unlawful acts and business. They are applied to lawful acts and business, but always such acts and business are capable of also being done unlawfully or to unlawful ends. When so done, what principle avoids the tax, reg-

ulations, and penalties? Clearly the owner of an auto cannot thus escape upon the plea his car was intended for and devoted to only unlawful transportation of intoxicants. Yet he could not register and secure license for this unlawful object and use. So of a pawnbroker who would attempt to plead he loaned only upon stolen goods.

The Yuginovich Case is not controlling here. The Supreme Court emphasizes that it is bound to construe the indictment as did the trial court, and so is restricted to narrow limits. It confines its decision to a charge relating to manufacture of intoxicants for beverage purposes, and in respect thereto finds that the intent of the Volstead Act is to partially repeal or supersede some of the old revenue laws. In a like case it will control. These at bar are not like cases. These indictments are not construed in violation of language and principle to charge offenses consisting of acts of commission unlawful in any circumstances, viz. distillation of intoxicating liquors for beverage purposes, but are construed in obedience to both to charge offenses consisting of acts of commission in themselves lawful, but done under unlawful circumstances of omission, viz. distillation of intoxicating liquor without compliance with the old revenue laws.

This court held in Sohm's Case, 265 Fed. 910, that in cases like these at bar the Volstead Act did not repeal the old revenue laws so far as herein involved. The reasons for that view, and to which the court adheres, appear in Sohm's Case and in others of like tenor, and need not be repeated. It is believed the Supreme Court's decision in Yuginovich's Case does not militate against the rule of Sohm's Case, even if it does not tend to support it. It follows that applicants' sentences and imprisonment are legal, and habeas corpus is denied.

At hearing applicants were enlarged upon their own recognizance, and may so continue for 30 days, to give opportunity to seek review on appeal, and until any appeal taken is determined.