## COHEN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. September 8, 1921. Rehearing Denied November 14, 1921.)

No. 2864.

1. **Receiving stolen goods ⟬7(5)—Indictment held to sufficiently describe property and allege ownership.**

Indictment charging that defendant had possession of 13 bundles of hides, of specified value, which had been stolen from a railroad car bearing specified initials and number, and which had constituted a part of an interstate shipment of freight, which, at the time so stolen, was in possession of the President of the United States, by and through the Director General of Railroads, *held* sufficient as against contention that property was not described and that ownership was not alleged.

⟬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Receiving stolen goods ⊙⇒9 (1)—Whether defendant knew goods found in his possession to have been stolen held for jury.**

　　In prosecution for having possession of goods stolen from railroad while constituting a part of an interstate shipment, with the intent to convert goods to own use, whether defendant knew goods to have been stolen *held* for the jury.

3. **Receiving stolen goods ⊙⇒9 (1)—Whether defendant had possession of goods stolen from railroad while constituting a part of interstate shipment held for jury.**

　　In prosecution for having possession of goods stolen from railroad while constituting a part of an interstate shipment, with the intent to convert goods to own use, a question of whether the goods were in defendant's possession *held* for the jury.

4. **Criminal law ⊙⇒1038 (1), 1056 (1)—Defendant cannot complain of instructions, in absence of objections and exceptions.**

　　Defendant cannot complain on writ of error that erroneous instructions were given, where no objections were made and no exceptions were preserved to any part of the instructions.

In Error to the District Court of the United States for the Eastern District of Illinois.

Sam Cohen was convicted of having in possession stolen goods, with the intent to convert goods to his own use, and he brings error. Affirmed.

Certiorari denied 256 U. S. ——, 42 Sup. Ct. 183, 66 L. Ed. ——.

Chester H. Krum, of St. Louis, Mo., for plaintiff in error.

McCawley Baird, of East St. Louis, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a writ of error to reverse a judgment of conviction against plaintiff in error under the fourth count of an indictment, which count is as follows:

"And the said 'grand jurors aforesaid, on their oaths aforesaid, do further present that Sam Cohen, * * * on, to wit, the 6th day of October, in the year of our Lord one thousand nine hundred nineteen, in the county of St. Clair, in the state of Illinois, in the Eastern district aforesaid, and within the jurisdiction of said court, did then and there unlawfully and feloniously have in their possession a large quantity of hides, to wit, thirteen bundles of hides, then and there of the value of, to wit, six hundred ($600.00) dollars, with the unlawful and felonious intent then and there in them, the said Sam Cohen, * * * to convert said hides to their own use, which said hides had lately theretofore been unlawfully and feloniously taken, stolen, and carried away from a certain railroad car bearing the initials and number, to wit, G. T. 102881, and which said hides, at the time they were so stolen as aforesaid, then and there constituted a part of an interstate shipment of freight consigned and in transit in interstate commerce from St. Louis, in the state of Missouri, to Cincinnati, in the state of Ohio, and which said hides and railroad cars, at the time the said hides were stolen as aforesaid, were in the possession of the President of the United States, by and through the Director General of Railroads, they, the said Sam Cohen, * * * at the time of so having said hides in their possession, then and there well knowing the same to have been stolen, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States."

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 1. It is urged against the sufficiency of the indictment that the property in question is not described, and that its ownership is not alleged. The description of the thing charged to have been in defendant's possession was not just 13 bundles of hides, but is that on October 6, 1919, Cohen had in his possession 13 bundles of hides, of the value of $600, in the county of St. Clair, lately theretofore taken from a certain railroad car bearing the initials and number G. T. 102881, and which constituted a part of an interstate shipment of freight, consigned and in transit in interstate commerce from St. Louis, in the state of Missouri, to Cincinnati, in the state of Ohio, in the possession of the President of the United States. Upon the question of ownership:

"The rule is that specific ownership must be alleged and proved; but a special property, such as that of a bailee, carrier, or the like, in goods stolen is sufficient for purposes of an indictment, say for larceny; * * * and in this respect there is no difference in principle between the offense of larceny and that of receiving stolen goods." "Presumably the owner of the station held an interest in the goods and chattels which was sufficient for all purposes of the indictment." Kasle v. United States, 233 Fed. 878, 883, 147 C. C. A. 552, 557 (6th Cir.).

See, also, Morris v. United States, 229 Fed. 516, 520, 143 C. C. A. 584 (8th Cir.); Fleck v. United States (C. C. A.) 265 Fed. 617 (8th Cir.); Grandi v. United States (C. C. A.) 262 Fed. 123 (6th Cir.).

From the evidence in the record and quoted in the brief of plaintiff in error, it is perfectly clear that there is no dispute whatever as to the identity of the hides, or as to where they came from, and that plaintiff in error was in no way surprised nor embarrassed in his defense.

[2, 3] 2. It is complained that there was lack of evidence to sustain the charge in the indictment. The testimony of the defendant himself indicates that he dealt with the hides without ever having examined them, and that an examination would have disclosed that they did not come from the country, as he says Bates told him they did, but that they came from a shipper of hides in St. Louis. It also indicates, from what he says was his repeated inquiry as to whether they had been stolen or not, that he knew or had reason to believe that they were stolen, or at least that they came to him under very suspicious circumstances. There is also testimony in the record that he bought the hides, but, instead of having them unloaded at his office in East St. Louis, he sent them, under the direction of the boy, to a commission house in St. Louis. From the time that he bought the hides, if he did buy them, they were wholly under his direction and control and in his possession, if the evidence was true. It is not necessary, in order that one may have possession, that he shall have the things in his hands or that he shall touch them. It is sufficient if they are in the possession of some one over whom he has for the time being direction and control. There is evidence in the record that plaintiff in error made different and contradictory statements about the purchase of the goods. Upon the whole record, it was a question for the jury as to whether he knew that the goods had been stolen, and also as to whether they were in his possession. Chass v. United States, 258 Fed. 911, 169 C. C. A. 631 (3rd Cir.).

[4] 3. It is urged that erroneous instructions were given. No objection was made, and no exception was preserved, to any part of the instructions. Plaintiff in error, therefore, has no standing in this court as to any such assignment. After quoting a portion of the instruction objected to, counsel in their brief say:

"If one is able to understand this part of the charge, he must conclude that the trial court proceeded upon some notion of conspiracy."

And again, in quoting a portion of the charge, they say:

"Again, the court gave to the jury this additional and inexplicable part of his charge."

If this is taken to mean, as counsel evidently intended it should be, that the instruction complained of could be neither understood nor explained, it is difficult to see how it could have in any way contributed to the conviction of the defendant.

There were two questions before the jury on the fourth count—one the question of possession; the other the question of knowledge as to whether the hides had been stolen. There were three other counts in the indictment, each involving, as in the fourth count, seven other defendants. The first charge was that of feloniously breaking into a railroad car; the second, feloniously entering the car; the third, stealing and carrying away from the car the hides in question; and the instructions covered all of these counts and all the defendants. We are unable to discover any theory, from a reading of the whole charge, upon which the jury could have been misled to the injury of the plaintiff in error. The jury seems to have been fairly and fully instructed upon all material points.

The judgment is affirmed.