## THOMAS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. January 12, 1926.)

No. 2399.

1. **Receiving stolen goods ⊛8(4)—Evidence held to sustain conviction for possessing goods stolen from interstate shipment, knowing them to have been stolen (Act Feb. 13, 1913, § 1 [Comp. St. § 8603]).**

Evidence *held* to sustain conviction, under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for possessing goods stolen from interstate shipment, knowing them to have been stolen.

2. **Receiving stolen goods ⊛3—Knowledge that goods were stolen from interstate shipment is not essential to crime of possessing them with knowledge they were stolen (Act Feb. 13, 1913, § 1 [Comp. St. § 8603]).**

Knowledge that goods were stolen from an interstate shipment is not essential to guilt, under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), of possessing goods stolen from interstate shipment, knowing them to have been stolen.

3. **Criminal law ⊛404(4)—In prosecution for possessing goods stolen from interstate shipment, goods found in defendant's possession held properly admitted (Act Feb. 13, 1913, § 1 [Comp. St. § 8603]).**

In prosecution under Act Feb. 13, 1913, § 1 (Comp. St. § 8603), for possessing cigarettes stolen from interstate shipment, cigarettes found in defendant's possession *held* properly admitted in evidence.

In Error to the District Court of the United States for the Northern District of West Virginia, at Parkersburg; William E. Baker, Judge.

Avery Thomas was convicted of possessing goods stolen from an interstate freight shipment, knowing them to have been stolen, and he brings error. Affirmed.

W. R. Brown, of West Union, W. Va., for plaintiff in error.

T. A. Brown, U. S. Atty., and T. M. McIntire, Sp. Asst. U. S. Atty., both of Parkersburg, W. Va.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. The plaintiff in error, Avery Thomas, hereinafter referred

to as the defendant, was indicted for violation of section 1 of chapter 50 of the Act of February 13, 1913 (Comp. St. § 8603). The indictment contained four counts, charging, respectively, the breaking of the seal of a freight car containing an interstate shipment of freight with intent to commit larceny, the entering of said freight car with such intent, the larceny from said freight car of 10 cases of cigarettes, and the having possession of cigarettes stolen from said car knowing same to have been stolen. Defendant entered a plea of not guilty to all of the counts of the indictment, and was acquitted on the first, second, and third counts, which charged, respectively, breaking, entering, and larceny, but was convicted on the fourth count, which charged unlawful possession of the stolen goods knowing same to have been stolen. He alleges, as grounds for reversal, that the court erred in overruling his motion for a directed verdict, made on the ground of the insufficiency of the evidence, and in admitting in evidence over his objection certain cigarettes which were found in his possession shortly prior to his arrest.

[1] We have read the evidence carefully, and are of opinion that it is amply sufficient to sustain the charge in the count of the indictment under which the defendant was convicted. There was evidence tending to show that on the night of August 5, 1922, the seal of a freight car was broken while it was standing on a side track of the Baltimore & Ohio Railroad Company at Central Station, W. Va., that the car was entered, and that cigarettes being transported in interstate commerce were stolen therefrom. There was testimony that on the night of the larceny Iris Davis and Harry Dotson were seen taking goods from the car and putting them in a truck near by, and one witness testified that the defendant was with Davis and Dotson at this time. Some months later officers of the law went to the home of Mrs. Dotson, mother of Harry Dotson, and grandmother of defendant, at whose home defendant was living, and made inquiry as to the whereabouts of her sons. Defendant was there and heard the inquiry, and after the officers had left he took the stolen cigarettes from the house and was carrying them in a sack along the railroad track near Central at 3 o'clock in the morning, when he was discovered by the officers and the cigarettes taken from him.

Upon examination the cigarettes were found to correspond with those which had been stolen from the freight car some months before. The cartons bore the mark "G–242,"

meaning that they were manufactured July 24, 1922, which mark was on the cartons which had been stolen. When found with the cigarettes, defendant told a falsehood as to how he came to have them in possession, stating to the officers that he had purchased them from a boy, and would get a bill of sale for them and exhibit it to the officers. This he did not do, and at the trial he testified that he found the cigarettes lying under a pile of cross-ties beside the railroad track on the second night before they were taken from him by the officers. He further testified that, when stopped by the officers, he was on his way to return the cigarettes to the place where he had found them. He admitted at the trial that he had heard of cigarettes being stolen from railroad cars some time before he claimed to have found these, and his aunt, Mrs. Ruhl, whom he introduced to corroborate his statement as to finding the cigarettes beneath the cross-ties, testified that she told him at the time that perhaps some one had stolen them.

There was much other evidence which it is not necessary to detail. Sufficient is it to say that the evidence was ample to support the conclusion that the cigarettes found in possession of the defendant were stolen from the freight car described in the indictment while they were being transported in interstate commerce, and that defendant knew that they had been stolen therefrom when he had them in possession. The case was properly left to the decision of the jury. Chase v. U. S., 258 F. 911, 169 C. C. A. 631; Cohen v. U. S. (C. C. A.) 277 F. 771.

Counsel for defendants have raised a question as to what presumption the law will raise from possession of goods stolen from cars in violation of the statute. And while the law seems well settled that recent possession will raise a presumption of guilt, we deem it unnecessary to consider whether the possession here disclosed was sufficiently recent to give rise to the presumption. The question here is not what presumption the law raises from the mere possession of such stolen goods, for there was evidence other than mere possession to justify the conclusion that defendant had the guilty knowledge, which is an essential element of the crime charged.

[2] Nor was it necessary that the government show that the defendant knew that the cigarettes had been stolen from an interstate shipment. "A person who receives stolen chattels knowingly does so at the peril of their having been stolen while in the course of interstate transportation. He can-

not escape conviction because he did not know whether they were stolen in intrastate or in interstate commerce." Rosen v. U. S. (C. C. A.) 271 F. 651; Kasle v. U. S. (C. C. A.) 273 F. 878; Grandi v. U. S. (C. C. A.) 262 F. 124.

[3] The exception to the admission of the cigarettes in evidence cannot be sustained. They were properly identified as the cigarettes which were discovered in defendant's possession when he was found by the officers at 3 o'clock in the morning walking beside the railroad track. They constituted very material evidence against the defendant, because the cartons in which they were contained bore marks which tended to identify them as the cigarettes which had been stolen from the freight car some months before. It was proper for the jury to consider the fact that the defendant had these particular cigarettes in possession, together with the other facts in the case, in determining whether he was guilty under the statute. "Evidence that accused was in possession of the stolen property at any time after the larceny is admissible, even though the possession is not sufficiently recent or exclusive to raise the presumption that accused was the thief." 36 C. J. 895; Boehm v. U. S. (C. C. A.) 271 F. 457; State v. Foulk, 52 P. 864, 59 Kan. 775.[1]

We have given careful consideration to the arguments of defendant's counsel, but a thorough examination of the record convinces us that no error was committed on the trial, and that the judgment and sentence of the court below should be affirmed.

Affirmed.

---

[1] Reported in full in the Pacific Reporter; not reported in full in Kansas Reports.