## THLINKET PACKING CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.    September 5, 1916.)

No. 2623.

1. INDICTMENT AND INFORMATION ⬲128—SUFFICIENCY—SEVERAL OFFENSES.

Under Laws Alaska 1913, c. 39, providing that, where there are several charges against any person for the same act or transaction or for two or more acts of the same class of crimes, the whole may be joined in one indictment in separate counts, one charged with violating Act June 26, 1906, c. 3547, 34 Stat. 478, regulating fisheries of Alaska, cannot complain that the indictment, which was in several counts, included more than one offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 408–413; Dec. Dig. ⬲128.]

2. FISH ⬲13(2)—OFFENSES—STATUTE.

Act June 26, 1906, c. 3547, 34 Stat. 478, regulating fisheries of Alaska, provides, in section 5 (Comp. St. 1913, § 3632), that it shall be unlawful to fish for, take, or kill salmon except by rod, spear, or gaff in Alaskan waters from 6 o'clock Saturday evening of each week until 6 o'clock of the Monday morning following, and that the gate, mouth, or tunnel of all stationary and floating traps shall be closed and 25 feet of the webbing or net of the heart of such traps on each side next to the pot shall be lifted or lowered, so as to permit the free passage of salmon and other fish. Section 13 (section 3642) provides that any person, company, or corporation violating any provision of the act or any regulation established in pursuance thereof shall on conviction be punished, etc. *Held*, that a violation of the statute with respect to lowering or opening the webbing or net of the heart of traps is an offense though no fish were taken, and a prosecution cannot be defeated on the theory that such provisions were merely directory.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 23; Dec. Dig. ⬲13(2).]

3. FISH ⬲13(2)—OFFENSES—WHAT CONSTITUTES.

In such case, one who violated the act by failing to raise or lower the webbing or net of the heart of the trap is, though he was not engaged in fishing, guilty of the offense denounced, which consists of the obstruction of the stream; hence the indictment need not charge that defendant was engaged in fishing.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 23; Dec. Dig. ⬲13(2).]

4. CRIMINAL LAW ⬲901—TRIAL—MOTION FOR DIRECTION OF VERDICT—WAIVER.

Where defendant, after the denial of his motion, for directed verdict on the ground of insufficiency of the evidence, introduced evidence, the motion was waived where it was not renewed at the close of the trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2124; Dec. Dig. ⬲901.]

5. FISH ⬲15—OFFENSES—INDICTMENT—SUFFICIENCY.

In a prosecution for violating Act June 26, 1906, § 5, regulating salmon fishing in Alaskan waters, but excepting certain named waters, an indictment charging an offense, in that defendant failed to raise or lower the netting of the heart of his trap in a named stream as required, is sufficient, where the description of the location of plaintiff's traps showed that it was not in the excepted waters.

[Ed. Note.—For other cases, see Fish, Cent. Dig. §§ 27–30; Dec. Dig. ⬲15.]

⬲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. FISH ⊚�longrightarrow13(2)—OFFENSES—DEFENSES.**

In such case, as the act prohibits fishing for salmon between, Saturday evening and Monday morning save with rods, spear, or gaff, and also requires netting in the hearts of traps, to be raised or lowered, so as to give the fish free passage, defendant, having failed to raise or lower ,the netting of its traps, cannot escape conviction on the ground that its fishing was done in the authorized manner.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 23; Dec. Dig. ⊚�longrightarrow13(2).]

**7. FISH ⊚�longrightarrow13(2)—OFFENSES—STATUTE.**

It is not a compliance with the act requiring 25 feet of the webbing or net of the traps on either side next to the pot to be lifted or lowered in such manner to permit free passage of fish for the owner of a trap to lower or lift 25 feet of the web in a V-shape, but a whole section 25 feet long of the net or webbing should be raised or lowered.

[Ed. Note.—For other cases, see Fish, Cent. Dig. § 23; Dec. Dig. ⊚�longrightarrow13(2).]

**8. CRIMINAL LAW ⊚�longrightarrow885—VERDICT—RECOMMENDATION TO MERCY—STATUTE.**

In a prosecution under the act, intent is no defense; mere failure to comply constituting the crime. Therefore the fact that the jury which convicted the owner of a fish trap recommended clemency on the ground that there had been a substantial compliance with the section, 25 feet .having been raised or lowered in a V-shape, does not invalidate the conviction on the ground that the recommendation which was made after a colloquy between the court and foreman constituted a special verdict inconsistent with conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2108; Dec. Dig. ⊚�longrightarrow885.]

In Error to the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

The Thlinket Packing Company was convicted of violating Act June 26, 1906, for the protection and regulation of fisheries in Alaska, and brings error. Affirmed.

On June 26, 1906, Congress adopted an act entitled "An act for the protection and regulation of the fisheries of Alaska." Section 5 of the act (Comp. St. 1913, § 3632) is as follows: "That it shall be unlawful to fish for, take, or kill any salmon of any species in any manner or by any means except by rod, spear, or gaff, in any of the waters of Alaska over which the United States has jurisdiction, except Cook Inlet, the delta of Copper river, Bering Sea, and the waters tributary thereto, from six o'clock post-meridian of Saturday of each week until six o'clock ante-meridian of the Monday following, or to fish for, or catch, or kill in' any manner or by any appliances except by rod, spear, or gaff, any salmon in any stream of less than one hundred yards in width in Alaska between the hours of six o'clock in the evening and six o'clock in the morning of the following day of each and every day of the week. Throughout the weekly close season herein prescribed, the gate, mouth, or tunnel.of all stationary and floating traps shall be closed, and twenty-five feet of the webbing or net of the 'heart' of such traps on each side next to the 'pot' shall be lifted or lowered in such manner as to permit the free passage of salmon and other fishes." Section 13 (Comp. St. 1913, § 3642) provides that "any person, company, corporation, or association violating any provision of this act or any regulation established in pursuance thereof shall, upon conviction thereof, be punished by a fine," etc.

The plaintiff in error, a corporation, was convicted under three indictments, each with several counts charging it with the violation of the statute at the ,various places mentioned in each count, charging in each count that within the hours prohibited in section 5, it did unlawfully and wrongfully maintain and operate for fishing a certain trap, describing the same, without having 25 feet

⊚�longrightarrowFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the webbing or net of the heart of such trap on each side next to the pot thereof lifted or lowered in such manner as to permit the free passage of salmon and other fishes.

M. G. Munly and Robert N. Munly, both of Portland, Or., and Winn & Burton, of Juneau, Alaska, for plaintiff in error.

James A. Smiser, U. S. Atty., and John J. Reagan, Asst. U. S. Atty., both of Juneau, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1-3] Error is assigned to the order overruling the demurrer of the plaintiff in error to the indictment, which was interposed on the grounds: First, that more than one offense is attempted to be charged therein; and, second, that no offense against the United States is charged. As to the ground of demurrer that more than one crime is charged in each indictment, it is sufficient to point to the statute of the territory of Alaska, approved April 26, 1913, providing that when there are several charges against any person for the same act or transaction, or for two or more acts of the same class of crimes, the whole may be joined in one indictment in separate counts. Session Laws of Alaska 1913, p. 65. The second ground of demurrer is based on the fact that the indictment contains no averment that the plaintiff in error was actually fishing or catching fish, also upon the contention that the provision of section 5 in regard to requiring that 25 feet of the webbing or net of the heart of traps shall be lifted or lowered so as to permit the free passage of salmon and other fishes is directory only, and disobedience thereto is not made a crime by the act. It is true there is no express provision in the statute which declares that it shall be unlawful to operate a trap unless the net is lifted or lowered in the manner prescribed therein; but section 5 distinctly provides that 25 feet of the webbing or net of the heart of each trap on each side of the pot shall be lifted or lowered so as to permit the free passage of fish, and section 13 provides that any one who violates any provision of the act or any regulation established in pursuance thereof shall, upon conviction, be punished. In other words, there is a plain command of the statute and a plain provision that disobedience thereto is punishable. Such a statute is not directory only. Nor was it necessary to allege, further than was charged in the indictment, that the plaintiff in error was actually fishing or taking fish. It was sufficient to allege that it "did unlawfully and wrongfully maintain and operate for fishing a certain trap." If the plaintiff in error was engaged in any kind of fishing, and operated traps therefor, it makes no difference whether it was seeking to take salmon or other fish, for the trap in either case constituted the obstruction to the passage of fish which it was the object of the statute to prevent. We hold that the indictments were sufficient.

[4] Error is assigned to the denial of the motion of the plaintiff in error, made at the close of the testimony for the prosecution, either that the jury be directed to bring in a verdict for the plaintiff in error, or that the proceeding be dismissed for want of evidence to es-

tablish any of the counts in the indictments. The motion repeated the objections to the indictments that were presented in the demurrers. Other grounds of the motion were that there was no evidence to establish the charges, that it was not alleged in the indictments that the localities where the fishing was done were not in places which were excepted from the operation of the statute, or that the fishing was not done by the means excepted in the statute—that is, by rod, spear, or gaff—and that there was no evidence to show that the plaintiff in error did not open its traps sufficiently to allow the passage of salmon and thereby comply with the spirit of the statute. As to the questions of fact which were presented as ground for the motion, it is sufficient to say that they were waived by the act of the plaintiff in error in thereafter proceeding to offer its testimony in defense, and by failing to renew the motion at the close of the trial. Gould v. United States, 209 Fed. 730, 126 C. C. A. 454; Sandals v. United States, 213 Fed. 569, 130 C. C. A. 149; Stearns v. United States, 152 Fed. 900, 82 C. C. A. 48.

[5, 6] The objection that the indictments do not negative the exceptions contained in the statute and show that the fishing was not done in the excepted waters, viz. Cook Inlet, the delta of Copper river, and Bering Sea, is sufficiently answered by the language of the indictments which charges that the traps were maintained "in the waters of Icy Straits near the mainland," and then followed descriptions of the location of each trap with reference to certain named islands, so that it can be clearly seen that the locations of the traps were within the prohibited waters. And if, indeed, the fishing which was done by the plaintiff in error was done with rod, spear, or gaff, it does not follow therefrom that the plaintiff in error was not maintaining and operating traps equipped with nets which it failed to raise or lower in violation of section 5 of the act.

[7] Error is assigned to the refusal of the court to grant certain requested instructions. The instructions which were refused differ in no material respect from the instructions given, except that the court refused to charge that the statute does not mean that 25 feet of the net must be lifted or lowered vertically, but that it is sufficient if 25 feet of the web is lifted or lowered in a V-shape, and in such a manner as to permit the free passage of salmon and other fishes. In this connection, exception was taken also to the illustration used by the court in charging the jury, in which he compared the raising and lowering of the net as required by the statute to the raising and lowering of a window sash. We are not convinced that the construction given by the court to the language of the statute was erroneous. Section 5 plainly provides that 25 feet of the webbing or net of the heart of such traps on each side of the pot shall be lifted or lowered in such manner as to permit the free passage of salmon and other fishes. If the statute had said no more than that the webbing of the net shall be lifted or lowered in such manner as to permit the free passage of salmon, it might be held that the command would be complied with by lowering the net to make a V-shaped opening, provided that such an opening permitted the free passage of fish. But the stat-

ute enacts that the 25 feet of the net shall be lifted or lowered, which plainly means that a section 25 feet in length of the body of the net shall be raised or lowered. Such being the language of the statute, the court below did not err in denying the requested instructions or in using the illustration which is objected to.

[8] The jury evidently believed that the plaintiff in error by lowering the net in a V-shape had complied with the spirit, but not with the letter, of the law; for, when their verdict had been returned, the foreman asked the court if it were possible to modify the same, and said that the jury thought that, while the defendant had violated the letter of the law, it had not violated the spirit of it. Thereupon the jury obtained the permission of the court to insert in the verdict a recommendation to the clemency of the court. The plaintiff in error contends that, by virtue of the colloquy which attended the handing in of the verdict, it should be held that the jury found a special verdict which is contrary to and should control the general verdict. The verdict of the jury as filed was that they found the defendant "guilty as charged in the indictment with a recommendation for clemency." What they said in open court may be taken as the expression of their opinion that the plaintiff in error, while violating the statute, had nevertheless so lifted or lowered its nets as to permit the free passage of fish during the closed hours. But in statutes such as this, enacted for the protection of fish, it is the letter of the law rather than its spirit which all fishermen are called upon to obey. The fisherman is not allowed to offer a substitute or to adopt a means of protection which he thinks is just as good. If the legislative body makes no exception to a clear declaration of its will, the presumption is conclusive that it intended none. United States v. Missouri Pac. Ry. Co., 213 Fed. 173, 130 C. C. A. 5. Where the offense is malum prohibitum, the doing of the inhibited act constitutes the crime. The only fact to be determined by the jury is whether the accused did the act. No evil intent is essential to constitute the offense. A simple purpose to do the forbidden act is sufficient. Armour Packing Co. v. United States, 153 Fed. 1, 82 C. C. A. 135, 14 L. R. A. (N. S.) 400.

We find no error.

The judgment is affirmed.