## COLEMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 12, 1920.)

No. 3409.

1. **Obstructing justice ⊂⇒3—Unnecessary that person to be arrested be present to make offense of obstructing service.**

   The offense of obstructing an officer in serving or attempting to serve a warrant may be committed at any time while the officer is on his way to make the arrest, though the person to be arrested was not then present, and was in fact such distance away that a railroad journey was necessary.

2. **Obstructing justice ⊂⇒15, 16—Evidence held admissible, but insufficient to show defendant knew officer had warrant to serve.**

   Evidence that accused, at the time of assaulting the United States officer, who was then on his way to serve a warrant for the arrest of a person accused of illegal sale of liquor, exhibited an animosity against all United States officers, and stated that a man could not get a drink of whisky for them is admissible to show knowledge of the officer's mission, but is not alone sufficient to establish knowledge.

3. **Obstructing justice ⊂⇒14—Government has burden of proving knowledge of warrant.**

   To establish the offense of knowingly and willfully obstructing an officer of the United States in serving a warrant for arrest under Criminal Code, § 140 (Comp. St. § 10310), the government has the burden of proving that accused knew that the officer at the time had a legal warrant, and was then on his way to serve it.

4. **Assault and battery ⊂⇒48—Knowledge of warrant not essential to offense of assaulting officer.**

   It is not essential to a conviction for the offense of assaulting a United States officer who was serving a warrant, that the person committing the assault knew at the time that the officer had a legal warrant, which he was on his way to serve, if accused knew that the person he assaulted was an officer.

5. **Criminal law ⊂⇒1177—Sentence sustainable under either count not reviewed for error as to one count.**

   Where the indictment contained two counts, each charging a separate offense, a conviction and sentence which could be sustained under the second count of the indictment, which was supported by sufficient evidence, will not be reversed because the evidence was insufficient to establish one element of the offense in the first count, provided the sentence is not in excess of the sentence that might properly be imposed on either count in the indictment.

In Error to the District Court of the United States for the Eastern District of Kentucky, at Catlettsburg; Andrew M. J. Cochran, Judge.

John Coleman was convicted of obstructing an officer of the United States in serving a warrant for arrest, and of assaulting such officer while serving the warrant, and he brings error. Affirmed.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. J. Picklesimer, of Pikeville, Ky. (E. J. Picklesimer, of Pikeville, Ky., on the brief), for plaintiff in error.

H. Clay Kauffman, Asst. U. S. Atty., of Lancaster, Ky. (Thos. D. Slattery, of Covington, Ky., and H. Clay Kauffman, of Lancaster, Ky., on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. In December, 1919, an indictment was returned against John Coleman in the United States District Court for the Eastern District of Kentucky, the first count of which charged him with willfully, unlawfully, and knowingly obstructing, resisting, and opposing A. J. Potter, who was then and there a United States deputy marshal, within and for the Eastern district of Kentucky, in serving and attempting to serve a certain warrant, which warrant had been issued by proper authorities. The second count charged him with willfully, unlawfully, and knowingly assaulting, beating, and wounding A. J. Potter, an officer of the United States, who was then and there serving and executing a certain warrant, issued to him by a United States commissioner, within and for the Eastern district of Kentucky.

On November 22, 1919, A. J. Potter, a deputy United States marshal for the Eastern district of Kentucky, had in his possession a warrant issued by United States Commissioner W. K. Steele for the arrest of Dock Branham, who was charged with having violated the federal statute relative to the sale of intoxicating liquors. Branham lived at Hellier, about 28 miles from Pikeville. Potter had gone to the railway station in Pikeville to take a train for Elkhorn, some 8 miles distant from Hellier, from which place he expected to travel on horseback to Hellier to make this arrest. Later in the day there was a train directly from Pikeville to Hellier, but Potter testified that he did not want to take this train, because he had made the attempt to arrest Branham by going direct to Hellier on prior occasions, and that information always reached Branham that Potter was on the way before Potter arrived at Hellier; that he was going this roundabout way, and riding from Elkhorn to Hellier, so that no one would be likely to suspect his final destination and advise Branham in advance of his coming. At the station he met the plaintiff in error, John Coleman, a deputy sheriff of Pike county, Ky. Both Coleman and Potter resided in Pikeville, and each knew the official position of the other. Coleman was at the station when Potter arrived. Coleman had been drinking to some extent, and used abusive language to Potter, which Potter resented. There is evidence to the effect that Coleman fired a revolver at Potter, but that Potter's little daughter, who was accompanying him to the station, knocked Coleman's hand up, so that the bullet went wild and did not strike Potter, and that Coleman then struck Potter on the back of the head with this revolver; that the two men then engaged in a personal conflict, and were finally separated by the bystanders; that Potter then boarded the train, but before it left the station he was persuaded by friends to get off and have a doctor dress the wound on the back of his head, caused by the blow that Coleman had given him with the

pistol; that this necessitated his abandoning the attempt to arrest Bran-ham that day.

This indictment is framed under section 140 of the Criminal Code (Comp. St. § 10310), which section reads as follows:

"Whoever shall knowingly and willfully obstruct, resist, or oppose any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any mesne process or warrant, or any rule or order, or any other legal or judicial writ or process of any court of the United States, or United States commissioner, or shall assault, beat, or wound any officer or other person duly authorized, knowing him to be such officer, or other person so duly authorized, in serving or executing any such writ, rule, order, process, warrant, or other legal or judical writ or process, shall be fined not more than three hundred dollars and imprisoned not more than one year."

It is insisted on the part of the plaintiff in error that, in order to convict Coleman of either of the offenses charged in this indictment, it was necessary for the government to establish by the evidence, beyond a reasonable doubt, each and all of the following propositions:

(1) That a legal process, warrant, writ, rule, or order was issued by a court of the United States.

(2) That such legal process, warrant, writ, rule, or order, after the same was issued, was in the hands of some officer of the United States for service, who had authority, by the laws of the United States, to serve the same.

(3) That after such legal process, warrant, writ, rule, or order was in the hands of such officer for service, some one knowingly and willfully obstructed, resisted, or opposed him in attempting to serve or execute the same.

It is admitted upon the part of the plaintiff in error that the United States has proven the first two elements, stated by counsel as essential to the commission of either crime, as charged in the first and second counts of the indictment; but it is claimed in his behalf that the evidence does not show that, if the officer was then executing any writ, warrant, or process, the accused knew that fact, and that he could not knowingly and willfully resist, obstruct, or oppose the execution of a warrant, if he did not know of the existence of the warrant or that Potter was then engaged in executing the same.

[1] The evidence is sufficient to establish by the degree of proof required in criminal cases, that the officer was then and there engaged in the execution of a warrant for the arrest of Dock Branham. While the fact that he was not going directly to Hellier, but to another point somewhat distant from that place, is a circumstance that might tend to prove the contrary; nevertheless this is fully explained by the testimony of Potter. His explanation is reasonable, and the jury had a right to accept it as true.

That Branham was not in the immediate vicinity, at the time the offense is charged to have been committed, is not important. If it were not then and there the purpose of Potter in making this trip to arrest Branham upon this warrant, then the mere fact that he had such a warrant in his possession would furnish no basis for this prosecution. On the other hand, if it were conceded or proven that this officer of the United States was on his way to execute this warrant, that the accused

had full knowledge of that fact, and that with such knowledge he willfully obstructed, resisted, or opposed him in the execution of this writ at any point along the line of travel to the residence or the location of the person named in the warrant, it would be idle to say that such an offense would not come within the purview of this statute. Such a construction would permit persons of evil design to ambush an officer on his way to execute a writ, and thereby knowingly and willfully obstruct, resist, oppose, and even prevent the officer from the performance of his official duties, without being subject to the penalty imposed by the provisions of this statute.

[2] There is no direct evidence in this record, however, that the accused knowingly and willfully obstructed, resisted, or opposed this officer in the execution of this writ. It is true that the statements made by the accused when Potter reached the railway station show that he had an animosity against all United States officers. There is also evidence to the effect that either Coleman or some other person in his presence said: "A man couldn't get a drink of whisky for them." This, taken in connection with the fact that Potter was then on his way to arrest a person charged with an offense against the United States statutes relative to the sale of intoxicating liquor, might be considered in connection with other evidence, if any, tending to prove that the accused had knowledge that the officer was then on his way to arrest Branham or some other person charged with a similar offense. But this evidence, standing alone, does not meet the measure of proof required in a criminal prosecution where the burden is upon the government to establish beyond reasonable doubt each and every essential element of the crime charged.

[3] The statute expressly provides that the offense charged in the first count of this indictment must be knowingly and willfully committed by the accused. The burden was upon the government to establish these essential elements by the degree of proof requisite in criminal cases. U. S. v. McDonald, 26 Fed. Cas. 1074–1077; Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419.

[4] These provisions of section 140 of the Criminal Code do not apply to the crime charged in the second count of this indictment. Under the express terms of that section it is sufficient to sustain a verdict of guilty on the second count, if the proof shows that the accused knew at the time he committed this assault and battery upon Potter that Potter was an officer of the United States, provided, however, that Potter was then engaged in serving this warrant, or any other legal or judicial writ or process issued out of any court of the United States or by a United States commissioner.

It is undoubtedly the purpose of this statute not only to prevent any person from knowingly and willfully obstructing, resisting, and opposing an officer in the execution of a writ, but also to protect the person of public officers while they are in the discharge of their official duties. Such officer is not required to disclose to every one or any one he meets that he is then and there engaged in serving such writ or process. On the contrary, whoever assaults and beats him, knowing him to be such officer, does so at his peril, if it should later appear by the evidence

that the officer was, at. the time of such assault, beating, or wounding, actually engaged in the service of a writ, warrant, or other judicial process, regardless of whether the accused knew that fact or not. Any other construction of this particular provision of this section of the Criminal Code would make it meaningless and practically impossible of enforcement. In the great majority of cases the government would be unable, as it is in this case, to prove that the accused had knowledge that the officer was in possession of such writ or warrant, or that he was engaged in and about its execution.

For the reasons above stated, the verdict of guilty on the first count must be reversed, and the verdict of guilty upon the second count of the indictment affirmed.

[5] It appearing that the sentence of the court does not exceed the sentence that may be imposed, under the provision of the statute, on either count of the indictment, the judgment and sentence of the court is therefore affirmed. Abrams v. United States, 250 U. S. 616–619, 40 Sup. Ct. 17, 63 L. Ed. 1173.