## ZIMMERMAN v. UNITED STATES. *

.Circuit Court of Appeals, Eighth Circuit. May 28, 1923.)

No. 5992.

I. **Criminal law ⬤⇒901—Motion to direct acquittal is waived by subsequent introduction of evidence.**

A motion by defendant for an instructed verdict of not guilty, made at the close of the evidence for the prosecution, was waived, where defendant did not stand on the motion, but, after its denial, introduced testimony in his own behalf. '

2. **Burglary ⬤⇒28(6)—Corporate character of carrier having possession of interstate shipment need not be proved.**

In a prosecution for violating Comp. St. § 8603, by unlawfully breaking the seal of a railroad car containing interstate shipment, or entering such car with intent to commit larceny, defendant was not entitled to a directed verdict because of the failure of the prosecution to prove that the railroad company, in whose possession the car was when defendant entered it, was a corporation.

3. **Criminal law ⬤⇒432—Shipping order covering shipment of goods in car entered held admissible.**

In a prosecution for breaking and entering a railroad car containing an interstate shipment with intent to commit larceny, a shipping order, made by the clerk who identified it at the trial, when the shipment described in the indictment was loaded into the car, and which showed the initials and number of the car to be the same as that entered by accused and the destination of the shipment to be a point in another state was admissible.

4. **Burglary ⬤⇒22—Criminal law ⬤⇒970(5)—Ownership of railroad car entered is immaterial, and indictment failing to allege ownership is not ground for arrest of judgment.**

In a prosecution for breaking and entering a railroad car containing an interstate shipment with intent to commit larceny, the name of the general or special owner of the car containing the shipment is immaterial, so that a motion to arrest judgment because the indictment failed to charge such ownership was properly overruled.

5. **Criminal law ⬤⇒1167(2)—Objection to one count immaterial, if sentence can be sustained under valid count.**

Where accused was convicted under two counts, one charging the breaking of the seal of a railroad car and the other charging the entry of a car which contained an interstate shipment, with intent to commit larceny, an objection that the second count did not allege that the car entered was a railroad car was not available to defendant, where the sentence and judgment was imprisonment as to each count, to run and terminate concurrently.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

John Zimmerman was convicted of breaking the seal of a railroad car containing an interstate shipment, and of entering the car with intent to commit larceny therein, and he brings error. Affirmed.

Thomas J. Rowe, Jr., of St. Louis, Mo. (Henry Rowe, of St. Louis, Mo., on the brief), for plaintiff in error.

Eustace C. Wheeler, Asst. U. S. Atty., of St. Louis, Mo. (Allen Curry, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN, LEWIS, and KENYON, Circuit Judges.

LEWIS, Circuit Judge. Zimmerman was convicted of two offenses, the first being on the first count of an indictment charging that he broke the seal of a certain railroad car containing an interstate shipment of freight while it was in the Missouri Pacific Railroad yards near Compton Avenue, St. Louis, Mo., and in possession of the Missouri Pacific Railway Company, a corporation and common carrier, with intent on the part of Zimmerman to commit larceny in the said car; and the second, being on the second count of the same indictment, charging that he entered said car at the same time and place with like intent. The indictment described the goods shipped, gave names of consignor and consignee, and stated points of origin and destination of shipment.

[1, 2] Error is assigned that the court refused to instruct verdicts of not guilty at the close of the evidence for the prosecution. Five separate reasons are set out in support of this assignment. It would be sufficient to say, in answer to this, that the point was waived by plaintiff in error in not standing on the motion. After his request for instructed verdicts was denied, he then proceeded to introduce testimony in his own behalf. But putting that aside, the assignment and grounds on which it is rested are without merit. One of them is that there was no proof that the Missouri Pacific Railway Company was a corporation. The purpose of the pleader was to name the bailee in possession of the car and its contents at the time of the alleged commission of the offense charged, so that the defendant might be definitely advised of the offense which the prosecution expected to prove against him. It was a part of the description of the facts and circumstances under which the crime was alleged to have been committed, and no reason occurs to us that would require either charge or proof that the bailee was a corporation. It was charged and proved that the Missouri Pacific Railway Company had the car and shipment as a common carrier, having received them from a connecting carrier, and that four sweaters in the car had been shipped by Marshal Field & Co. at Chicago to Elsner Dry Goods Co. at Sweet Springs, Mo. On delivery of the goods to the carrier at Chicago they became the property of the consignee, and this was a sufficient allegation of ownership in the latter. In Morris v. U. S., 229 Fed. 516, 143 C. C. A. 584, this court held it to be unnecessary to allege the incorporation of the common carrier in possession of the goods where the indictment charged a violation of this same statute. The purpose of the statute defining the offense is to give protection to interstate and foreign shipments while in transit. It reads (U. S. Comp. Stat. vol. 8, § 8603):

"Whoever shall unlawfully break the seal of any railroad car containing interstate or foreign shipments of freight or express, or shall enter any such car with intent, in either case, to commit larceny therein, * * * shall in each case be fined," etc.

The objection seems to be without merit.

[3] The other grounds on which it is sought to sustain error during the progress of the trial have to do with the admissibility of evidence. Objection was made to the introduction of Exhibit E, known

as the shipping order. It was admitted in evidence on the testimony of Frank J. Smith, checking clerk for the Wabash Railroad at Chicago who loaded the case containing the shipment of sweaters into the car on June 29th. A witness testified that he saw plaintiff in error on the morning of July 4th break a seal on the door of a car in the Missouri Pacific yards near Compton Avenue in St. Louis, and then enter the car, and that he thereupon arrested him. Going back to the shipping order and the question of its admissibility, the proof shows that before a shipment is loaded into a car a document is made out describing the goods, also giving names of consignor and consignee, points of origin and destination, and other data. This document is made into one original and two copies. One copy is retained by the carrier. As the goods are loaded the checking clerk puts down on this copy the number of the car into which the shipment is loaded and the initials on it. That is what Smith testified he did in this case, and he also put his initials on the copy when the goods were loaded. That copy thus identified by Smith was Exhibit E. The indictment set out the initials and number on the car, which were the same as those entered by Smith on the order. There seems to be no doubt of its admissibility and materiality. It circumstantially identified both car and shipment in the Missouri Pacific yard at St. Louis as being the car into which the four sweaters were put on June 29th at Chicago, consigned from Marshal Field & Co. to Elsner Dry Goods Co. The original document, called bill of lading, and the other copy are given to the consignor, but the copy used in loading by the railway company is retained by it and is called a shipping order. Objection to the admission of this exhibit was properly overruled.

[4, 5] The other error assigned is the overruling of a motion in arrest, because (1) the indictment failed to allege or charge any general or special ownership in the car containing the shipment, and (2) count 2 failed to allege that the car on which the seal was broken was a railroad car. As to the first, an invasion of the rights of the owner of the car is in no manner involved in the offense. If the car had not contained an interstate shipment, the breaking of the seal, or any damage to the car, or an entry into it with intent to commit larceny, would not have offended against this statute. Ownership of the car was an extraneous and wholly immaterial matter. Nevertheless, the charge does clearly show that the Missouri Pacific Railway Company held both car and shipment as bailee at the time the offense was committed, and thus had a special interest in them. As to the second, both counts, as we read them, do charge that the car on which the seal was broken and thereupon entered by plaintiff in error was a railroad car. But if the point were good it avails nothing, for the sentence and judgment was imprisonment as to each count, to run and terminate concurrently.

We have no doubt that the evidence, though in part circumstantial, made a case for the jury. There were no exceptions to the court's charge. We have answered the contention that the motion in arrest should have been sustained, because the indictment was bad. We have considered it good.

Affirmed.