## STEFFEN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   October 15, 1923.)

### No. 4035.

1. **Criminal law ⬤≈⇒901—Motion to direct acquittal waived by subsequent introduction of evidence.**

A motion by defendant for an instructed verdict of not guilty, made at the close of the evidence for the prosecution, was waived, where defendant did not stand on the motion, but after its denial introduced testimony in his own behalf.

2. **Post office ⬤≈⇒50—Evidence of accused's attempt to break into post office held sufficient to go to jury.**

In a prosecution under Penal Code, § 192 (Comp. St. § 10362), for attempting to break into a post office building with intent to commit larceny therein, evidence of accused's guilt *held* sufficient to go to the jury, warranting denial of an instructed verdict of acquittal.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Albert Steffen was convicted of an attempt to forcibly break into a building used as a post office with intent to commit larceny therein, and he brings error.   Affirmed.

Charles W. Garland, of Portland, Or., for plaintiff in error.

John S. Coke, U. S. Atty., and Thomas H. Maguire, Asst. U. S. Atty., both of Portland, Or.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

HUNT, Circuit Judge.   Steffen, plaintiff in error, was convicted, with two others, of an attempt forcibly to break into a building used as a post office at Portland, Or., with intent to commit larceny in the part of the building used as a post office.   Section 192, Penal Code (Comp. St. § 10362).   At the conclusion of the evidence introduced by the prosecution Steffen's motion for a directed verdict of not guilty, on the ground of lack of sufficient evidence, was denied.   Exception was preserved.   Defendant then proceeded, and offered evidence in his own behalf.   Then, at the conclusion of all the evidence, Steffen moved for an instructed verdict of acquittal for lack of proof.   This motion was denied, and exception was taken.   Upon these several rulings, errors are assigned.

[1] Defendant cannot successfully press his assignment that the motion made at the conclusion of the evidence of the prosecution should have been granted, for the well-grounded rule is that, where a defendant makes a motion, but does not stand upon it, and offers testimony in his behalf, he waives the right to urge that the verdict should be founded solely upon the evidence introduced by the prosecution.   Burton v. United States (8th Cir.) 142 Fed. 57, 73 C. C. A. 243; Thlinket Packing Co. v. United States, 236 Fed. 109, 149 C. C. A. 319; Bilboa v. United States (C. C. A.) 287 Fed. 125; Zimmerman v. United States

⬤≈⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(C. C. A.) 290 Fed. 376; Leyer v. United States, 183 Fed. 102, 105 C. C. A. 394.

[2] The assignment for consideration is therefore whether, in the light of all the testimony introduced by defendant, as well as by the prosecution, the motion to direct a verdict at the close of all the testimony should have been sustained. The answer must be in the negative. There is evidence that, shortly after midnight on July 19, 1922, a policeman saw Steffen standing in the hallway of a building in Portland wherein a branch of the post office was situated; that the policeman spoke to Steffen, who said he was looking for a person named Rogers, who lived in the apartments over the hallway; that Steffen said the automobile by the curb belonged to Rogers; that Steffen's codefendants planned to burglarize the safe in the post office; that Steffen went with them to the place; that he carried fuses and caps; that he acted as a lookout, while the other defendants were inside the building; that the other persons were back in the hallway in front of a door which led to the back end of the store where the post office was located: that one of the other persons had a piece of wire, which he admitted was for attempting to unlock the door; that the morning after the arrest nitroglycerine and other implements fit for use in breaking into a safe were found in the gutter in front of the hall; that Steffen attempted to run away.

Steffen raised the question of his sobriety at the time he was addressed by the policeman. The policeman said Steffen was sober. Steffen's companions said Steffen was very drunk; that, although he went with them, he had no knowledge of the object they had in mind. From all the facts and circumstances, it cannot be said that the only reasonable and fair deduction is that the prosecution has failed to make a sufficient case against Steffen. We think the court properly submitted the evidence to the jury, and that plaintiff in error has shown no substantial reason for disturbing the verdict and judgment.

Judgment affirmed.