### MILLER et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. February 5, 1924.)

No. 6214.

1. **Criminal law** ⚖1177—**Assignment of error questioning sufficiency of evidence not sustained, if evidence sufficient under any count.**

Where the same sentence was imposed, under each count, and all the sentences were to run concurrently, and each sentence was such as might have been imposed under that count, an assignment of error that the evidence was insufficient to support a conviction cannot be sustained, if the evidence was sufficient under any one of the counts.

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. **Larceny ⇐⇒55—Evidence held to support conviction of larceny of part of interstate shipment.**

   In a prosecution under Comp. St. § 8603, evidence *held* sufficient to support finding that defendants were all present at the time of a larceny from a railroad car, and were acting together as principals in breaking the seal of the car and entering it with the intent to commit larceny therein, and that the goods stolen were a part of an interstate shipment, and defendants had such goods in their possession, knowing them to have been stolen.

3. **Larceny ⇐⇒40(2)—Objection that railroad possessing car from which goods were taken was not incorporated without merit.**

   In a prosecution under Comp. St. § 8603, for larceny of goods from a car moving part of an interstate shipment of freight, an objection that there was no proof that the railroad company possessing the car was incorporated was without merit.

4. **Criminal law ⇐⇒1129(3)—Assignment of error held to violate rule as to separately stating each error urged.**

   An assignment of error, alleging error in admitting in evidence 15 different exhibits on the ground that they were not properly identified, *held* a gross violation of Circuit Court of Appeals Rules, rule 11, requiring the assignment of errors to set out separately and particularly each error asserted and intended to be urged, and providing that errors not accordingly assigned will be disregarded.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Ernest C. Miller and others were convicted of larceny of car containing an interstate shipment of freight, and they bring error. Affirmed.

Horace L. Dyer, of St. Louis, Mo. (Chester H. Krum, of St. Louis, Mo.. on the brief), for plaintiffs in error.

Allen Curry, U. S. Atty., and Claude M. Crooks, Asst. U. S. Atty., both of St. Louis, Mo.

Before KENYON, Circuit Judge, and TRIEBER and MUNGER, District Judges.

MUNGER, District Judge. The plaintiffs were convicted on each count of an indictment, charging in four separate counts the offenses of unlawfully breaking the seal of a railroad car containing an interstate shipment of freight, of entering the car with intent to commit larceny therein, of stealing from the car goods moving as a part of an interstate shipment of freight, and of having in possession such goods, knowing them to have been stolen. Comp. St. § 8603. Plaintiff in error Miller was sentenced to eight years' imprisonment under each count, but his sentences were made to run concurrently. Each of the other plaintiffs in error was sentenced to seven years' imprisonment under each count; the sentences also running concurrently.

No assignments of error are set out in the brief of plaintiffs in error, as is required by rule 24 of the Rules of the Circuit Court of Appeals for this circuit, and the rule also provides that "errors not specified according to this rule will be disregarded," unless the court exercises its option to consider a plain error. The overruling of a demurrer to the indictment was challenged in the brief of plaintiffs

⇐⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in error upon the ground that there was not enough detail in the description of the goods alleged to have been contained in the car and stolen by the plaintiffs in error, but at the argument it was conceded that the description was sufficient under the rules announced in Fleck v. United States (C. C. A.) 265 Fed. 617, 618; Zimmerman v. United States (C. C. A.) 290 Fed. 376, 378.

[1] Requests of each of the plaintiffs in error for an instruction to the jury to return a verdict of acquittal were overruled and this refusal is assigned as error. In support of this, it is stated that there was no evidence that either of plaintiffs in error broke a seal, entered the car for any purpose, stole from the car any goods which were being carried in interstate commerce, had possession of any goods stolen from a car in interstate commerce, or had knowledge that such goods had been stolen in interstate commerce. As the same sentence was imposed under each count, and the sentence was such as might have been imposed under that count, this assignment of error cannot be sustained if the evidence was sufficient under any one of the counts. Abrams v. United States, 250 U. S. 616, 619, 40 Sup. Ct. 17, 63 L. Ed. 1173; Matters v. United States (C. C. A.) 261 Fed. 826, 827; Coleman v. United States (C. C. A.) 268 Fed. 468, 472; De Kay v. United States (C. C. A.) 280 Fed. 465, 467.

[2] There was ample evidence that a railroad car stood on the track at Moselle, Mo., and that shortly beofre midnight on May 1, 1920, an automobile was driven close to this car and stopped and its lights were turned off. A witness who lived near testified that he heard voices of men at the car, the sound of boxes being broken open, and saw the flashing of lights there. He procured a constable and other helpers, and they placed an obstruction nearby and across the only road by which the automobile could leave, and left men there as guards. The automobile soon endeavored to drive along the road, and, when it ran against the obstruction, four men in it jumped out and ran. Three of them ran across the road and escaped through the premises of an adjoining landowner. The other ran down the road in front of the automobile, but was halted and arrested by the guards. Although he had just hastily left the automobile, this man, when questioned, denied that he had ever seen it before, and declared he knew nothing about it. The automobile was found well loaded with new coats and shirts, with shoes, hosiery, and other articles,—some in cartons, and some not in packages.

The evidence was sufficient to prove that some of the goods described in the first four counts of the indictment had been delivered to a railroad company at Lawton, Okl., for shipment to the consignees named at Chicago and St. Louis, and these shipments of freight were traced by the railway employés, as witnesses, as part of the goods then in this railroad car at Moselle, Mo., in a continuous shipment from Oklahoma. In addition, there was a sufficient identification by the consignors of the goods shipped with those found in the automobile at the time it was stopped. This car had been sealed at a transfer station in Oklahoma. With others it was set out on a side track at Moselle, Mo., and allowed to remain there for some days, but it was·

inspected daily before the night of May 1st. On the morning of May 2d the seals on this car were found broken, and some of the empty cartons, in which the goods found in the automobile had been shipped from Lawton, were found in the car. The following day three men were arrested, wandering in the fields some miles away from Moselle, and were accused of the larceny. They then gave improbable stories of their actions, but at the trial they were identified by numerous witnesses as the men who had been in this automobile, at and near the scene of the larceny, shortly before it occurred, and one of them, not only admitted ownership of the automobile, but claimed its return. His keys, with his name tag upon it, had been left in the ignition lock when the persons in it had made their escape the night before. No testimony was offered on behalf of the defendants.

Without going over needless details, a careful examination of the evidence against each of the defendants has resulted in the conclusion that there was ample evidence for the jury of the identity of the defendants with the men who were in the automobile at the time it was halted on the night of May 1st. The evidence was also sufficient for the jury to find that these defendants were all present at the time of this larceny and were acting together as principals in breaking the seal of this car, in entering it with the intent to commit larceny therein, and in stealing the goods from the car, and that the goods stolen were a part of an interstate shipment. It was also sufficient for the jury to find that the defendants had such goods in their possession, knowing them to have been stolen.

[3] The objection that there was no proof that the railway company which had possession of the railway car, was incorporated, is without merit. Morris v. United States, 229 Fed. 516, 520, 143 C. C. A. 584; Zimmerman v. United States (C. C. A.) 290 Fed. 376, 377.

[4] A number of exhibits were offered in evidence by the government, and among them Exhibit B, the shipping order given to the railroad company by one of the consignors of some of these goods at Lawton, Okl., at the time the goods were delivered for shipment; Exhibit J, a memorandum acknowledging receipt of the goods from another of the consignors by the railroad company, stating the consignor and consignee and the nature of the shipment, and signed by the agent of the railroad company; and Exhibit K, a freight way bill showing the car in which this latter shipment was placed at Lawton, Okl., and the car to which it was later transferred, and which was the same car that was found opened at Moselle. The admission in evidence of these 3 exhibits is challenged in the brief, but the assignment of error alleges error in admitting in evidence of 15 different exhibits, including Exhibits B, J, and K, on the ground that they were not properly identified. Rule 11 of the Circuit Court of Appeals Rules for this circuit requires the assignment of errors "to set out separately and particularly each error asserted and intended to be urged," and provides that "errors not assigned according to this rule will be disregarded," unless the court choose to notice them. The assignment of these errors in gross violates this rule. Davidson S. S. Co. v. United States, 142 Fed. 315, 318, 73 C. C. A. 425; Empire State

Cattle Co. v. Atchison, T. & S. F. Ry. Co., 147 Fed. 457, 461, 77 C. C. A. 601; Smith v. Hopkins, 120 Fed. 921, 923, 57 C. C. A. 193, Savage v. United States (C. C. A.) 270 Fed. 14, 20; Sovereign Camp of the Woodmen of the World v. Jackson, 97 Fed. 382, 384, 385, 38 C. C. A. 208; Walton v. Wild Goose Mining & Trading Co., 123 Fed. 209, 211, 60 C. C. A. 155.

An examination of the record discloses the fact that no objection was made to the admission in evidence of Exhibit B, and the only objection to each of Exhibits J and K was that the particular witness upon the witness stand at the time they were offered had not testified that he knew the goods described in the exhibit had been received or placed in the car. If this was a defect in the proof at that time, it was overcome by other testimony showing that the goods were loaded into the original car for shipment and were transferred from that car into the car which was opened at Moselle, and this testimony was received without objection.

The judgment will be affirmed.