## DI BONAVENTURA et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1926.)

No. 2544.

**1. Conspiracy ☞48.**

Evidence in prosecution for conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.) *held* for jury.

**2. Criminal law ☞901.**

Exception to denial of motion to exclude evidence at conclusion of government's case is waived by failure to renew motion after offering testimony.

**3. Conspiracy ☞40.**

Landlord, knowing of the manufacture of liquor on premises, and failing to stop it, is not necessarily guilty of conspiracy to violate National Prohibition Act (Comp. St. § 10138¼ et seq.).

**4. Intoxicating liquors ☞167.**

Landlord, knowingly permitting liquor to be manufactured on premises, is guilty of maintaining "nuisance," in contravention of National Prohibition Act, tit. 2, § 21 (Comp. St. § 10138½jj).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nuisance.]

**5. Intoxicating liquors ☞167.**

Landlord's failure to stop unlawful manufacture of liquor after knowledge that premises are used therefor under some circumstances may justify his conviction of manufacturing.

**6. Conspiracy ☞40.**

One with knowledge of conspiracy, and aiding conspirators in carrying out unlawful design, is equally guilty with them.

**7. Conspiracy ☞23.**

"Conspiracy" exists whenever there is combination, agreement, or understanding between two or more persons for commission of unlawful act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**8. Criminal law ☞1172(1).**

Erroneous charge that landlord, failing to stop manufacture of liquor on premises after knowledge thereof, was guilty of conspiracy *held* to require reversal both as to landlord and his codefendant.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Fred Di Bonaventura and another were convicted of conspiracy to violate the National Prohibition Act, and they bring error. Reversed.

R. L. Ramsay, of Wellsburg, W. Va., for plaintiffs in error.

Arthur Arnold, U. S. Atty., of Piedmont, W. Va., and Russell L. Furbee, Asst. U. S. Atty., of Parkersburg, W. Va.

Before WADDILL, ROSE, and PARKER, Circuit Judges.

PARKER, Circuit Judge. [1] Plaintiffs in error, hereinafter called defendants, were convicted of conspiracy to violate the National Prohibition Act (Comp. St. §' 10138¼ et seq.). The evidence showed that the defendant Di Bonaventura was in possession of a three-story building in the City of Follansbee, W. Va., the first and second stories of which were used by him as a barber shop and a residence respectively. Officers of the law, on making a search of the premises, found on the third floor of this building a still, in operation, and a number of barrels containing whisky mash. Beneath the porch at the rear of the building they found another barrel of mash, and in a garage at the rear they found several new barrels, and a quantity of corn sugar. While they were at this garage, the defendant Sanderson came up, and placed therein additional sugar and a barrel. Di Bonaventura testified that the third floor of the building was rented to one Corso, and that he had no knowledge of the still being operated there. Sanderson also denied knowledge of the still, and testified that he was a storekeeper in the neighborhood; that he had rented the garage for storage purposes; and that he had nothing to do with the third story of the building in which the still was found. The assignments of error chiefly relied on relate to the court's refusal to direct a verdict for defendants, and to a portion of the charge to the effect that, if Di Bonaventura knew that the still was being operated in his building and did not stop it, he would be guilty of the crime of conspiracy.

[2] The assignment relating to refusal to direct a verdict is not supported by any proper exception in the record. It appears that, at the conclusion of the government's case, motion was duly made to exclude the evidence, and that an exception was properly entered to the denial of this motion; but it does not appear that the motion was renewed at the conclusion of all of the testimony, nor that the sufficiency of the evidence was challenged in any other way. In such case it is well settled that the exception taken at the conclusion of the government's evidence is waived by the defendant's offering testimony thereafter, and failing to renew the motion at the close of the trial. Latham v. U. S. (C. C. A. 4th) 2 F.(2d) 208; Thlinket

Packing Co. v. U. S. (C. C. A. 9th) 236 F. 109, 149 C. C. A. 319; Gould v. U. S. (C. C. A. 8th) 209 F. 730, 126 C. C. A. 454. We will say, however, that we have carefully reviewed the evidence, and we are satisfied that as to both defendants it was sufficient to justify the submission of the case to the jury. [3] In the course of his general charge, the trial judge instructed the jury as follows:

"Where there is an attempt to accomplish an unlawful purpose, by two or more persons, who are actuated by a common design of accomplishing that unlawful purpose, and who in any way, and from any motive, or upon any consideration, work together in furtherance of the unlawful plan, each one of the persons becomes a member of the conspiracy. In other words, I may be the owner of a building, and one of you gentlemen come to me to get permission to use that building, with the understanding tacitly that it may be used, or that you are going to start a still therein, and if, in pursuance of that understanding, afterwards you place a still and mash therein, and start to operate, that is an overt act, and although I, the owner of the building, may never be in the room, if I have knowledge of the purpose for which you are going to use that room, or if it is operated under such circumstances that I could not help but know what is going on, I am guilty of conspiracy with you to operate the still."

In entering an exception to this portion of the charge, the following colloquy occurred between the trial judge and counsel for defendant, in which what we conceive to be the error in the charge was accentuated by the court:

"Mr. Ramsay: Your honor's instructions I think covered every possible thing that could be stated. But I am under the apprehension as to whether or not your honor meant to state to the jury that a crime committed in a building, where the owner has rented it to somebody else, not knowing what use was to be made of the building, makes the owner guilty. I am a little bit in doubt in my mind whether your honor doesn't carry that a little too far in your statement to the jury, in saying that, if he acquired knowledge after the tenant got in there, although he had no knowledge what it was to be used for, that would still make him guilty of conspiracy.

"The Court: If these things alleged, still, mash, mash barrels, and so forth, went into his property, with his knowledge and consent, he is an accessory to the crime of conspiracy, is what I mean to say.

"Mr. Ramsay: As to that part, I can't agree with your honor, I can't agree that that is the law. I want an exception.

"The Court: Your position is that if it went into his building, with his knowledge and consent, and without his stopping it, he is not guilty.

"Mr. Ramsay: He is guilty of an offense; the statute provides that; he is guilty of a misdemeanor in that case..

"The Court: You may have your exception. The court will stand by that, because if he knew this was going on in his property, and he doesn't stop it, he becomes an accessory to the crime of conspiracy."

[4-7] We think that this charge went too far. A landlord who knowingly allows liquor to be manufactured on his premises in violation of law is guilty of maintaining a nuisance in contravention of section 21 of title 2 of the National Prohibition Act, 41 Stat. 314 (Comp. St. § 10138½jj). And the failure of the landlord to stop the unlawful manufacture after knowledge that his premises are being used for that purpose is evidence which the jury may consider on the question of aiding and abetting, and which, under some circumstances, may justify his conviction of manufacturing in violation of the statute. Reynolds v. U. S. (C. C. A. 6th) 282 F. 256; Steir v. U. S. (C. C. A. 1st) 2 F. (2d) 149. And it is true also that, where one with knowledge of the existence of a conspiracy aids the conspirators in the carrying out of their unlawful design, he is equally guilty with them. Simpson v. U. S. (C. C. A. 4th) 11 F.(2d) 591; Rudner v. U. S. (C. C. A. 6th) 281 F. 516. But a landlord is not necessarily guilty of conspiracy to violate the Prohibition Act merely because he has knowledge that liquor is being manufactured on his premises and does not stop it. As has been often said, the gist of the crime of conspiracy is the unlawful agreement. " 'Conspiracy' exists whenever there is a combination, agreement, or understanding, tacit or otherwise, between two or more persons for purpose of committing unlawful act." Fisher v. U. S. (C. C. A. 4th) 13 F. (2d) 756; Pettibone v. U. S., 148 U. S. 197, 13 S. Ct. 542, 37 L. Ed. 419; Commonwealth v. Hunt, 4 Metc. (Mass.) 111, 38 Am. Dec. 346. The conspiracy to commit the crime is an entirely different offense from the crime which is the object of the conspiracy. U. S. v. Rabinowich, 238 U. S. 78, 35 S. Ct. 682, 59 L. Ed. 1211; Fisher v. U. S., supra.

The learned trial judge evidently had in mind the rule that one who, with knowledge of the existence of a conspiracy, aids in car-

rying out its design is guilty with the other conspirators; but the trouble is that the portions of the charge complained of authorized a conviction, not upon a finding that a conspiracy existed, and that the landlord, with knowledge of its existence, aided the conspirators in carrying out its purpose, but upon a finding of no more than that liquor was being manufactured on his premises, and that he knew what was going on and did not stop it. This might have justified a conviction of maintaining a nuisance or of unlawful manufacture, but not a conviction of the felony of conspiracy, in the absence of any finding that the landlord entered into a combination or agreement to. violate the law, or that he, with knowledge that a conspiracy existed, not merely that the law was being violated, aided the conspirators in carrying out their' unlawful design.

[8] From what has been said, it is clear that the error complained of was prejudicial to Di Bonaventura, and that he is entitled to a new trial on that account. We think that there should be a new trial as to Sanderson also, for the jury might properly have inferred from what was said that both defendants should be held guilty of conspiracy upon a finding that Sanderson was engaged in the manufacture of liquor upon Di Bonaventura's premises, and that Di Bonaventura had knowledge thereof, and did not stop him, without a finding as to the element of unlawful agreement or combination, which is the essence of the crime.

Other errors were assigned, but, as they relate to rulings on testimony, and involve questions which probably will not arise upon a new trial, it is not necessary to dismiss them.

Reversed.