**UNITED STATES of America,**
**Plaintiff,**

v.

**Alexander MANKOWSKI, Defendant.**

**No. 59-CR-24.**

United States District Court
E. D. Wisconsin.

Jan. 14, 1960.

Edward G. Minor, U. S. Atty., Francis L. McElligott, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Louis L. Meldman, Milwaukee, Wis., for defendant.

GRUBB, District Judge.

The defendant in this action was indicted for two violations of Section 145 (b), Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), and one violation of Section 7201, Internal Revenue Code of 1954, 26 U.S.C.A. § 7201. The case was tried to a jury which returned a verdict of guilty as to all three counts.

Attached to the regular verdict form was a note which reads as follows:

"Your Honor

"The jury has voted guity [sic] on three (3) counts with the plea of lienency [sic].

"Leland E. Stevens"

The foreman of the jury orally reiterated this plea of leniency both when handing over the verdict and after the reading of the verdict by the clerk. In response to the second statement, the court stated:

"The Court: If sentence is imposed on this verdict you may be sure it will be—you may be sure, Members of the Jury, before any sentence is imposed in this court the Probation Department makes a presentence investigation, and those presentence investigations are about eight pages single space. They review the entire background of the defendant, his entire record, to see whether it is a first offense, or whether he has a long record. Those things are very carefully studied and considered."

After this statement by the court, the jury was polled, and all jurors affirmed their verdict.

The defendant has moved for a new trial on the grounds that the verdict returned by the jury does not conform to any of the forms of verdict submitted to the jury, that the verdict returned shows reservations, and that it indicates the jury was not unanimously convinced beyond a reasonable doubt that the defendant was guilty.

The general rule on this subject is found in 53 Am.Jur., Trial, § 1060, which states:

"In the absence of statute, it is the prevailing rule that the jury have no right or authority to accompany a verdict of guilty with a recommendation of punishment or to mercy, their province being solely to determine the guilt or innocence of the accused. * * * However, in such case a recommendation does not indicate a qualified conditional, or compromise verdict, nor make it a special one, controlling the general verdict. The recommendation, when unauthorized, constitutes no part of the verdict of conviction, but is mere surplusage of no legal effect."

To the same effect see 23 C.J.S. Criminal Law, § 1407; 17 A.L.R. 1117; 87 A.L.R. 1362; 138 A.L.R. 1230; Thlinket Packing Co. v. United States, 9 Cir., 1916, 236 F. 109; and Krull v. United States, 5 Cir., 1957, 240 F.2d 122.

In the latter authority, the following statement is found in the opinion at pages 133–134.

"* * * If the jury, without statutory authority, makes a recommendation for clemency, it does not invalidate the verdict and may be disregarded by the court in imposing sentence. Thlinket Packing Co. v. United States, 9 Cir., 1916, 236 F. 109; 149 C.C.A. 319; 23 C.J.S. Criminal Law, § 1407, p. 1100. * * *."

In the instant case the court clearly pointed out to the jury that its recommendation was not binding on the court and that the sentence imposed would be determined to a large extent by the results of the presentence investigation. After this explanation the jury was polled, and although an opportunity was presented to the jury to repudiate the verdict, all jurors adhered to it.

On the basis of the foregoing authority, the defendant's motion for a new trial is denied.