## FRIEDMAN v. UNITED STATES.

### (Circuit Court of Appeals, First Circuit.    June 15, 1916.)

### No. 1163.

1. **RECEIVING STOLEN GOODS** ⊚══2—PROPERTY SUBJECT—INTERSTATE COMMERCE.

   Act Feb. 13, 1913, c. 50, 37 Stat. 670 (Comp. St. 1913, §§ 8603, 8604), reaches goods that are being transported, although the property of the carrier transporting them.

   [Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 4; Dec. Dig. ⊚══2.]

2. **RECEIVING STOLEN GOODS** ⊚══2—INTERSTATE COMMERCE.

   Goods that have been transported are under the protection of Act Feb. 13, 1913, until they have reached their ultimate destination, and the act in this light is constitutional.

   [Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 4; Dec. Dig. ⊚══2.]

3. **RECEIVING STOLEN GOODS** ⊚══2—STATUTES—OFFENSES.

   One receiving goods knowing them to be stolen takes the risk of their having been stolen while in the course of interstate commerce, so as to bring the receiver within Act Feb. 13, 1913.

   [Ed. Note.—For other cases, see Receiving Stolen Goods, Cent. Dig. § 4; Dec. Dig. ⊚══2.]

In Error to the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

Joseph Friedman was convicted of unlawfully receiving and concealing stolen goods while part of an interstate shipment, and he brings error. Affirmed.

Guy A. Ham, of Boston, Mass. (C. A. Dunham, of Boston, Mass., on the brief), for plaintiff in error.

James S. Allen, Jr., Asst. U. S. Atty., of Boston, Mass. (George W. Anderson, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge.   This indictment was laid under the act of February 13, 1913 (37 Stat. 670, c. 50 [U. S. Comp. St. 1913, §§ 8603, 8604]), charging the defendant with unlawfully receiving and concealing certain brasses stolen from a box car at Springfield while constituting a part of a shipment from Concord, N. H., to Springfield, Mass. The merchandise belonged to the Boston & Maine Railroad, and was a part of its cars being forwarded to the repair shops of the railroad corporation.

[1] Claim is made that, as this material was carried without compensation, and was all the time the property of the Boston & Maine Railroad, it was not within the statute. However, as it was being transported as freight, it was within the letter of the statute, and we know of no reason which takes it out of it. The same words are often

---

used in many different senses, but this word is appropriate for the application made of it here.

[2] Once in interstate commerce, we think the goods transported as freight retained the character thus acquired, and were under the protection of the act, like mail matter, until they reached their ultimate destination.

[3, 4] The plaintiff in error fails to satisfy us that the act, thus understood, violates any constitutional provision. Whoever receives stolen goods, knowing them to be stolen, takes the risk, in our opinion, of their having been stolen during transportation in interstate commerce and of their being thus within the protection of the act.

The plaintiff in error also fails to satisfy us that there was prejudicial error in any of the exclusions of testimony to which he excepted.

The judgment of the District Court is affirmed.