**MARSH v. UNITED STATES.**

No. 5897.

Circuit Court of Appeals, Third Circuit.

Feb. 27, 1936.

Edmund G. J. Dale, of Philadelphia, Pa., for appellant.

Charles D. McAvoy, U. S. Atty., and Thomas J. Reilly and Robert V. Bolger, Asst. U. S. Attys., all of Philadelphia, Pa., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania. The appellant was indicted with a number of codefendants in three counts on a charge of assaulting, robbing, and putting in jeopardy the life of a person having lawful charge of mail matter in violation of 18 U.S.C.A. § 320 (Cr.Code § 197). He was also indicted for conspiracy to commit an offense against the United States, to wit: To assault, rob, and put in jeopardy a person in lawful custody of government property. It is contended on the appellant's behalf that the trial judge erred in refusing to withdraw a juror when one of the government witnesses read a statement

which contained a reference to the alleged connection of the appellant with a notorious murder ·unconnected with the case on trial. It appears that this statement was not willfully and intentionally elicited by the prosecuting attorney, but was read inadvertently by the witness as part of the statement as a whole. The court admonished the jury to eliminate from their consideration of the case any and all references to the prior and unconnected offense. The authorities cited for the appellant to sustain the contention that reference to a prior and unconnected offense amounts to reversible error may be distinguished from the instant case in that in those cases the objectionable testimony was intentionally brought out by the prosecuting attorney, while in the instant case the trial judge took care to instruct the jury to disregard the reference to the prior offense and sufficiently admonished them of their duty to do so. We are not convinced that the casual reference to the prior crime, in view of the instructions of the trial judge, is ground for reversal.

■ Error is also charged by the appellant in that after the ·government rested its case and the appellant rested on the evidence produced by the government, the court permitted the jury to consider subsequent testimony involving the appellant, given by or on behalf of his codefendants. In Blakeslee v. United States (C.C.A.) 32 F.(2d) 15, it was held that in a conspiracy prosecution where some of the defendants rested at the end of the government's case without offering evidence, the trial judge did not err in declining to rule that no evidence adduced after such defendants rested could be considered against them, since sworn testimony given by coconspirators and their witnesses of transactions before the termination of the conspiracy are admissible against the other conspirators. We think this is sound law.

■ The appellant assigns error to the trial judge's refusal to admonish the jurors not to rely upon the testimony of the appellant's accomplices unless corroborated. In Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168, the Supreme Court held that while it is the better practice for courts to caution juries against too much reliance upon the testimony of accomplices and to require corroborated testimony before giving credence

to such evidence, it is not reversible error for the trial court to decline to so instruct.

Judgment affirmed.