**UNITED STATES v. ROSE et al.**
No. 2761.

District Court, W. D. Kentucky,
Paducah Division.

Feb. 14, 1940.

J. D. Inman and James Garnett, Jr., Asst. Dist. Attys., both of Louisville, Ky., for the government.

Roy Garrison, of Paducah, Ky., and W. Paul Carpenter, of Atlanta, Ga., for defendant Rose.

MILLER, District Judge.

This cause is submitted upon the motion of the defendant, Lester Eugene Rose, for a new trial.

The defendant, Rose, was indicted jointly with James W. Smith and Jack Stevens of conspiring to violate 18 U.S.C.A. §§ 408,

409. Counts two and three of the indictment charged the three defendants with violating Sections 408 and 409 supra, respectively. The sections deal with the theft, and transportation after such theft, of property constituting a part of an interstate shipment of chattels. The jury returned a verdict of guilty against all three defendants on all counts submitted to them.

■ Defendant contends that the Court erred in holding the shipment in question to be one covered by the statute because (1) the carrier was not a common carrier, and (2) the carrier was transporting his own property in his own truck without compensation when hi-jacked by the defendants. Such facts do not prevent the statute from being applicable. Friedman v. United States, 1 Cir., 233 F. 429, certiorari denied, 244 U.S. 657, 37 S.Ct. 744, 61 L.Ed. 1375; Marifian v. United States, 8 Cir., 82 F.2d 628, certiorari denied, 298 U.S. 686, 56 S.Ct. 956, 80 L.Ed. 1406.

■ Defendant complains that the Court failed to give all the law of the case to the jury and that the instructions given were erroneous. The specific errors of omission and commission are not referred to, except insofar as they are covered by the question pertaining to the issue of interstate commerce, referred to above. In addition no exception was taken by defense counsel to the instructions when given, and no additional instructions were requested of the Court by counsel. Such alleged errors can not be raised for the first time on a motion for a new trial. Steers v. United States, 6 Cir., 192 F. 1; Tucker v. United States, 6 Cir., 224 F. 833; Roth v. United States, 6 Cir., 294 F. 475.

■ Rose further complains of the Court's action in permitting the Government to introduce in evidence the separate written statements of Stevens and Smith made out of the presence of Rose and after the termination of the conspiracy. The statements implicated Rose in the conspiracy. It is conceded the evidence was not competent against Rose. However, it was competent against the defendants who made them. In the trial of several defendants jointly the situation occasionally arises where it is necessary to either admit evidence incompetent against one defendant or to reject evidence which is competent against one defendant. Separate trials of the defendants involved is the only practical way to avoid such a dilemma. No motion for a severance was made in this case, and the Court had no way of knowing in advance that such a situation would arise. When it did develop, the Court met it as best it could by admitting the evidence and at the same time admonishing the jury that it was to be considered only as against the defendant making the statement, and in no event against the defendant Rose. Such action has been approved by numerous decisions, without being treated as prejudicial error. Holsman v. United States, 9 Cir., 248 F. 193; Vane v. United States, 9 Cir., 254 F. 28; Bryant v. United States, 5 Cir., 257 F. 378; Campanelli v. United States, 9 Cir., 13 F.2d 750.; Marcus v. United States, 66 App.D.C. 298, 86 F.2d 854. The jury was also instructed on the point in the Court's charge. Such action by itself has been held sufficient. Roberts v. United States, 4 Cir., 60 F.2d 871; Marsh v. United States, 3 Cir., 82 F.2d 703. I realize that in some instances the impression made upon the jury by the admission of incompetent evidence may be so strong that it can not be cast aside, and the Court's instructions to disregard it is not sufficient to properly protect the rights of the defendant. Holt v. United States, 10 Cir., 94 F.2d 90; Dowdy v. United States, 4 Cir., 46 F.2d 417. But I think this case is not of that kind. The evidence was not improperly admitted. There was no prior motion for a severance. Even if such motion had been made, it was within the discretion of the trial court to grant it or refuse it. Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154; Baron v. United States, 6 Cir., 286 F. 822. Even though a severance would enable a defendant to introduce evidence in his behalf which could not be introduced if the severance was not granted, the matter is still one resting in the discretion of the trial judge. Dowdy v. United States, supra. This is especially true in conspiracy cases, where from the very nature of the case it is advisable that all defendants indicted in the conspiracy be tried together. Under all the circumstances involved in this case, I am of the opinion that the Government was entitled to have these three defendants tried jointly. If so, the evidence was properly admitted with the limitations placed upon it by the admonition to the jury. In considering a motion for a new trial the Court should disregard technical errors, defects or exceptions which do not affect the substantial rights of the parties. 28 U.S.C.A. § 391. In the opinion of the Court there was no prejudicial error in admitting the evidence in question.

Defendant Rose further contends that the evidence is insufficient to support his conviction in that it did not identify him as participating in the commission of the offense. No witness identified Rose as one of the hi-jackers at the scene of the crime. Rose's defense consisted chiefly of an alibi. But it was not necessary that he be present, provided he participated in the conspiracy or aided and abetted the others in carrying it out. The evidence against him is circumstantial but of a strong probative quality. Pearson, who purchased the whiskey being transported, told Rose of his plans a few days before, which information was known to only a few people. Parsons, an expert in ballistics, unequivocally identified Rose's shot gun as one used in the holdup, from markings on a used shell found at the scene of the holdup. Fowler testified to finding cases of whiskey and empty cartons, of the kind hi-jacked, at Rose's garage several weeks after the holdup. The credibility to be given to Rose's denial of these facts was essentially a question for the jury. In my opinion there was sufficient evidence to support the verdict.

The motion for a new trial is overruled.